(20 App. Div. 6.)

### KOCH et al. v. BISSELL.

(Supreme Court, Appellate Division, Second Department. July 13, 1897.)

NECESSARIES FURNISHED WIFE—LIABILITY OF HUSBAND.

    In an action to recover for alleged necessaries furnished to the defendant's wife, it is error to admit a letter, written by the wife to plaintiff after the purchase and delivery of the goods, saying that her husband has not furnished her with sufficient money to pay her bills, and asking plaintiff to look to him for payment; and the error is not cured by a statement in the charge to the jury that the letter was admitted only to show delivery of the goods, it not being competent, against the husband, for that purpose.

Appeal from trial term, Kings county.

Action by Samuel Koch and others against Eugene V. H. Bissell. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James J. Allen, for appellant.
James W. Ridgway, for respondents.

BRADLEY, J. Action to recover for hats, furs, ribbons, and other dress goods furnished by the plaintiffs to Mrs. Bissell, wife of the defendant, for her use. The defendant and his wife were living to-

gether. There is evidence tending to prove that he had been in the habit of paying bills for goods purchased by his wife; and whether those in controversy came within such as might, in view of the station in life of the husband and wife, be deemed necessaries, and suitable for her, and whether his custom had been to permit her to make purchases for herself and to pay the bills himself, were questions of fact fairly submitted to the jury. And, while the evidence permitted the jury to find these facts in the affirmative, it did not require that conclusion. The difficulty in the way of sustaining the recovery arises upon the exception taken by the defendant to the reception in evidence of a letter written by the defendant's wife to the plaintiffs after the purchases were made, to the effect that she had been called upon by the plaintiffs' collector, that her husband would have to settle the bill, that she had no money except what he let her have, and that it had been so small in amount for the past few months as to render it impossible for her to pay bills; and added, "Kindly look to him for same, not to me." This letter was her mere declaration, distinct from the transaction of the purchase or delivery of the goods, and clearly incompetent as evidence. The statement of the trial justice in the charge to the jury that the letter was put in evidence solely to show the delivery of the goods, and that the jury were not to take it as proof of any of the statements of fact contained in it, did not necessarily cure the error. The evidence was not stricken out. Mandeville v. Guernsey, 51 Barb. 99. Nor was it competent as evidence, against the husband, to show the delivery of the goods. It cannot be seen that the reception of the letter in evidence may not have had an effect prejudicial to the defendant.

And therefore the judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.