### BUTCHER v. CONSOLIDATED TRUST.

(Supreme Court, Appellate Division, First Department. November 17, 1899.)

SALES—ACTION FOR PRICE—NOMINAL DAMAGES.

> Complainant in an action to recover for goods sold and delivered, alleged to be of a particular value, and to have been delivered at an agreed price, cannot recover more than nominal damages without proof of such agreed price and value, where it is not admitted by defendant that they were of any value, or that there was an agreed price to be paid.

Appeal from trial term.

Action by David F. Butcher, receiver of William Schwarzwaelder & Co. against the Consolidated Trust. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Waldo G. Morse, for appellant.
Samuel G. Metcalf, for respondent.

INGRAHAM, J. The action was brought to recover for goods sold and delivered by the plaintiff, as receiver, to the defendant. The complaint alleges "that at the time next hereinafter mentioned the plaintiff, as such receiver, at the special instance and request of said defendant, sold and delivered to said defendant certain goods, wares, and merchandise of the kind and value and agreed price to be paid therefor by said defendant in cash, as follows." The answer denies each and every allegation of the complaint, and then, "for a separate amended answer and defense, and by way of set-off and counterclaim, the defendant alleges that the goods, wares, and merchandise alleged to have been sold by the plaintiff to the defendant were manufactured by plaintiff upon order of defendant"; then alleging a warranty by the defendant as to the character of the goods, a breach of such warranty, by reason whereof the said furniture became unfit for use, to the loss of the defendant in the sum of $500; and for a third defense of the defendant alleged that upon discovering the defects in said furniture it gave notice to the plaintiff of the condition of the furniture, and offered to return the same to the plaintiff, and that the plaintiff refused to accept the same. The general denial in the answer put in issue all the allegations in the complaint not specifically admitted, and there was no allegation in the answer which could be considered as an admission of the allegation of the complaint that the goods, wares, and merchandise therein described were of any value, or that there was an agreed price to be paid therefor. Upon the trial there was no evidence to prove either the sale or delivery of the furniture by the plaintiff to the defendant, nor was there any evidence as to an agreed price for which these goods were sold, or that the goods sold and delivered were of any value. To entitle the plaintiff to a verdict under the pleadings, he was required either to prove that the defendant agreed to pay a specific price for the goods ordered and delivered, or the fair value thereof; and in the absence of such proof the plaintiff was not entitled to a verdict for more than nominal damages. The direction of a verdict, therefore, at the end of the case, for the plaintiff, for the sum of $565.59, was entirely unsupported by any evidence, and to the direction of a verdict for that amount the defendant's exception was well taken. The verdict as directed by the court being thus entirely without evidence to support it, the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

BARRETT, J. I concur in the conclusion here arrived at by Justice INGRAHAM. The answer contains a general denial, followed by separate statements of new matter, constituting one a defense and one a counterclaim. Part of this new matter cannot be taken out of either of the separate paragraphs of the answer and used independently as an admission. The plaintiff must accept or reject the entire paragraph. This rule as to the effect of such pleading

is entirely well settled. The plaintiff here was, therefore, required to prove every material allegation of his complaint. If he relied upon the affirmative allegations of new matter separately set out in the answer, he had to take them in their entirety; which of course would have been fatal to him. Under its general denial the defendant had a right to question the authority of the plaintiff's officers to purchase the goods in question quite as much as to question the agreed price or value. As the plaintiff did not put in evidence or otherwise adopt the defendant's second and third separate defenses, there was no admission of any allegation contained in his complaint; and if he had adopted these separate defenses, or either of them, it would have been an adoption of a good defense or a good counterclaim. In this view there was no proof of any of the material allegations of the complaint, and consequently the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.