(71 App. Div. 32.)

### HATCH v. LEONARD.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

HUSBAND AND WIFE—SEPARATE MAINTENANCE—NECESSARIES FURNISHED WIFE —INSTRUCTIONS.

In an action for goods sold by a tradesman to a wife living apart from her husband, and given an allowance, an instruction that the tradesman might recover for necessaries sold her, if, among other things, the jury found that he did not know, or have cause to know, of the agreement for separation and allowance, was erroneous; the wife's authority to pledge the husband's credit being negatived by their living apart.

Appeal from trial term.

Action by Edward P. Hatch against John Leonard. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Brainard Toales, for appellant.

Edward W. S. Johnston, for respondent.

O'BRIEN, J.   In this action it is sought to compel the defendant to pay for certain goods furnished to his wife (now deceased) by the plaintiff.   The questions involved are outlined in the opinions on the former appeals.   Hatch v. Leonard, 38 App. Div. 128, 56 N. Y. Supp. 489; Id., 165 N. Y. 435, 59 N. E. 270.   Therein the sufficiency of the complaint was in dispute, and the court of appeals held that the allegation that the goods were purchased by the wife as agent for the defendant was such as permitted proof of facts tending to fix liability upon the defendant for necessaries so furnished.   Accordingly on the present trial the plaintiff was allowed to introduce evidence to show the circumstances under which the goods were purchased by defendant's wife, and that for the most part they were necessaries; and the defendant, to meet such proof, gave evidence that at the time the goods were sold he was living apart from his wife, having arranged through his attorney to pay her an adequate allowance for her support, and the support of his children living with her.   At the close of the case the learned trial judge submitted to the jury the following questions:

"First, as to whether Leonard and his wife were living apart by mutual agreement; second, whether he made her an allowance; third, if he made her an allowance, whether that was commensurate with his means; fourth, whether the plaintiff knew, or had reason to know, that they were separated, and that he was making her this allowance; and, fifth, as to whether all or any part of these goods were necessaries."

And the court then charged:

"If you find that there was a separation, and that the separation was by mutual consent of the defendant and his wife, and not on his part alone, without hers; that the defendant had made an allowance to his wife for maintenance and support; that such allowance was suitable and reasonable to her mode of living and her station in life; and that the plaintiff knew, or had cause to know, of such agreement to live apart and separate, with such suitable allowance,—you will find for the defendant.   But if you fail to find any one of these matters, you will find a verdict for the plaintiff for such an amount as you decide is due for necessaries."

The portion of the charge relating to knowledge on the part of the plaintiff of the separation and allowance, which was thereafter excepted to by the defendant, was emphasized by the refusal of the court to charge the defendant's request—

"That if the jury are satisfied from the proofs in this case, in the light of your honor's charge, that Mrs. Leonard had no right to pledge her husband's credit, it makes no difference whether Mr. Hatch knew or had means of knowing of the circumstances which led to that condition of affairs."

If in this respect the charge was erroneous, then there must necessarily be a reversal of the judgment; for the only inference that could be drawn from the testimony adduced was that the plaintiff knew nothing of any separation between Mr. Leonard and his wife, nor of the making of any allowance.   Under such circumstances, therefore, the charge of the court was equivalent to a direction of a verdict in favor of the plaintiff.   As to the materiality of the knowledge of a tradesman of the separation of husband and wife, the rule, we think, is well

stated in Bloomingdale v. Brinckerhoff, 2 Misc. Rep. 49, 20 N. Y.
Supp. 858. Therein it was said:

"That, irrespective of whether or not the person who supplies the' wife
with necessaries had knowledge at the time of the husband's provision for
her support, the presumption of the wife's authority to pledge her husband's
credit is negatived by the fact of their living apart, and that the tradesman
who supplies her, under such circumstances, upon the credit of her husband,
and without his express sanction and approval, does so at his own peril, are
propositions too well established by authority to admit of further dispute.
See the rule stated and the cases collated in Hare & Wallace's notes to Manby
v. Scott, 2 Smith, Lead. Cas. 417; Montague v. Benedict, Id. 435; Seaton v.
Same, Id. 439; Tyler, Infancy, § 221; Schouler, Husb. & Wife, § 117; Baker
v. Barney, 8 Johns. 72, 5 Am. Dec. 326; Lockwood v. Thomas, 12 Johns. 248."

The burden placed by the court in the present case upon the de-
fendant of showing, in order to absolve himself from liability, that the
plaintiff knew, or had reason to know, that the defendant and his wife
were living apart, and that he was making a suitable allowance for
her, was one, in our opinion, which the defendant was not obliged
to bear; and, were it a true proposition of law, then, upon the facts
here appearing, a direction of a verdict for the plaintiff would have
been required, because the proof amounts to a demonstration, with no
opposing evidence, that the plaintiff did not know of the separation, nor
did he make any inquiries upon the subject, and he was therefore
equally ignorant of what arrangement existed as to the payment of an
allowance.

We think that for the error in charging, in effect, that the plaintiff
might recover if, among other things, the jury found that he did not
know, or have cause to know, that the husband and wife were living
apart, and that the latter was supplied with a suitable allowance, and in
refusing to charge, as requested, that it made no difference whether the
plaintiff knew, or had reason to know, of such a condition of affairs,
the judgment and order appealed from must be reversed, and a new
trial ordered, with costs to the appellant to abide the event. All con-
cur.