(79 App. Div. 475.)

### HOLIHAN v. HOLIHAN.

(Supreme Court, Appellate Division, Fourth Department. January 20, 1903.)

1 HUSBAND AND WIFE—SEPARATION AGREEMENT—SETTING ASIDE CONVEYANCES TO WIFE.

A husband and wife agreed to live separate during their natural lives. The husband, pursuant to the agreement, conveyed to the wife certain property, and the wife relinquished her claims upon him for support, and released her dower right and the right to share in his estate, together with her interest in a policy on his life. The wife took possession of the property conveyed to her, made improvements, and paid the taxes and insurance. She received from some sources $500, and out of this paid $150 on a mortgage, and used the balance for other purposes. Her health was poor, necessitating medical expenses, and she spent $350 more than her income from the property the first year. But there was no evidence that she did not do the best she could, nor was there any evidence that she had no other sources of income. Held, that the husband's demand that the conveyance to the wife be set aside unless she gave a bond, with sureties, to protect him against her future support, was inequitable.

Appeal from special term, Cayuga county.

Suit by John J. Holihan against Mary Holihan. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Lyon & Lyon, for appellant.
A. J. Parker, for respondent.

WILLIAMS, J. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide event.

The action was brought to set aside two deeds given by a husband to his wife upon an agreement made after a separation had taken

place, unless the wife gave a bond, with sureties, or a mortgage upon the property conveyed, to protect the husband against her future support and maintenance. The agreement and deeds were given at the same time,—February 20, 1899. The parties resided in the city of Auburn, N. Y., and the husband was engaged in business there. They had been married for many years. They had no children of their own, but had an adopted daughter. In 1898 they quarreled and had personal encounters with each other. There was some talk about another woman, and the husband's relations with her. He was at a Keeley Cure in Rochester for a time, and estrangement and separation resulted. The husband left his wife January 3, 1899. It seemed impossible for them to resume their marital relations. Lawyers were employed on either side, and the agreement and deeds were made. There is no evidence in the record as to what property the parties had, other than that referred to in the agreement and deeds, or what the income of either party was. The agreement recited that differences between the parties had arisen, resulting in estrangement and separation; that they had been and were living separate; that there was no probability of reconciliation, and their common interests would be promoted by an agreement to live separate in the future; and then they mutually agreed to live separate during their natural lives. The husband agreed to convey by warranty deeds to his wife, in fee simple, the premises 104 and 106 Van Auden street, Auburn, N. Y., on which there were tenement houses, the deeds to be given concurrently with the agreement; and it was stated that this property was a reasonable and proper provision out of the husband's property for the support and maintenance of the wife and adopted daughter. The husband agreed that he would permit his wife and adopted daughter to live separate from him wherever they liked, and to carry on such trade or business as they desired, and he would not molest them; that his wife might have the exclusive control, custody, and education of the adopted daughter, and he would not interfere with that; that she might retain all property she then had or should thereafter acquire, and enjoy and dispose of the same as though she were unmarried; that he would not take or receive any share or interest in her estate upon her decease, but the same should go to her heirs or next of kin by blood. The wife agreed to take the deeds of the Van Auden street property, with a house and lot on Pine street (No. 8), and a house and lot on Park avenue (No. 15), to which she already had title, in full satisfaction for the support and maintenance during their lives of herself and the adopted daughter, and of all indebtedness incurred by them, and then unpaid, and for all claim for alimony; and she agreed to release the husband from all claim for past and future support and maintenance and dower, and that she would not take or receive any share or interest in his estate upon his decease, and she released and conveyed to him all dower and interest in his property. She also agreed to pay all debts which she had contracted, and which were unpaid, for the support of herself and adopted daughter, and to release her claim to a $3,000 policy of insurance upon his life, and to all money provided therein to be paid to her, and that she would not sue or take any proceedings against him for any act of his past life or for future sup-

port or maintenance. The deeds were of the Van Auden street property, referred to in the agreement. The wife at the same time released her interest in the life insurance,—$3,000. She had paid some of the premiums thereon prior to that time. The wife took possession of, and had the income from, the real estate so conveyed to her, together with the property on Park avenue and Pine street, from the 20th of February, 1899, on. The adopted daughter left her, and her relation to the parties became thereupon unimportant. The wife made improvements upon the property to the amount of $50, paid taxes and insurance thereon, and made a payment of $150 upon the principal of a mortgage upon her real property, besides keeping up the interest. She received from some source $500 of life insurance, and out of this paid the $150 of principal on her mortgage, and used the balance for other purposes. She was in poor health, her doctor bills were heavy, and this money was used up during her sickness, and for school and other expenses of the adopted daughter. While she was sick, one bill contracted before the agreement was made was sued; she and her husband being made defendants. She had some doubt as to whether, under the agreement, she was liable to pay it. When satisfied upon that question, she paid the bill, and the action was discontinued. The Van Auden street property was in poor repair, and did not produce very good income. The deeds from the husband recited consideration of $800 and $1,300, but the wife was unable to sell the property for $1,800. This action was brought August 1, 1901,—one year and six months after the agreement and deeds were given. It was tried in October, 1901, but the judgment was not entered until July, 1902.

The relief afforded by the judgment was improperly granted. The agreement and deeds were supported by a good consideration. The wife agreed to protect the husband from her future support and maintenance, and that of the adopted daughter, not to prosecute him for any act of his past life, and to release her interest as beneficiary under a $3,000 policy of insurance upon his life, and all dower and other interest in his property. She gave the release of the life insurance and dower at once, and has kept and performed her part of the agreement ever since. She has supported and maintained herself and the adopted daughter, so far, at least, as to fully protect her husband against such support and maintenance, and she has not prosecuted him for any act of his past life. She has not been in good health. Her expenses have therefore been considerable, and the income from the property has not been large. It does not appear that she has been improvident, or has expended more money than she reasonably needed to. It may be that the husband, by the agreement and deeds of the property, did not make an adequate provision for the support of his wife and the adopted daughter in case of the sickness of the wife, but that would not be a sufficient reason for granting him relief. In the absence of any proof that the wife has not done the best she could under the circumstances,—in the absence of any proof that the wife has not fully performed the agreement on her part,—and the provision made by the husband for his wife appearing to be inadequate, under the circumstances, the court has by the judgment imposed greater burdens upon the wife than the agreement provided for, and has denied her any cor-

responding relief. She has been required, practically, to incumber the property conveyed to her, to protect her husband, because she could not well give a bond, with sureties, unless she secured the sureties. She would have to give the mortgage anyway, and the property would thus be tied up so that she could not dispose of it or raise money upon it for improvements or for her support in case of long-continued sickness; and she is not permitted, in case of the setting aside of the deeds, to have back the interest in the policy of insurance upon her husband's life, or her dower and other interest in his property which she released as a consideration, in part, for the agreement and the deeds of the property to her. The relief afforded is inequitable and unjust. The husband says he supposed he was adequately protected by the agreement against the future support and maintenance of his wife, was so advised by counsel, and finds that in some contingency he might still be so liable. After making the provision for her under the agreement, if it was reasonably adequate, and while living separate from her, he would not be liable for any debts incurred by her for her support and maintenance,—even for necessaries. Hatch v. Leonard, 71 App. Div. 34, 75 N. Y. Supp. 726. Only in case she became a public charge could he be compelled to support her. He fears that contingency may arise, because she has during the first year and a half expended $350 more than her income for her support and maintenance and that of the adopted daughter; she having been sick during the time, and had large doctor bills, and the daughter's expenses for school and other purposes, to meet. The wife has other real property than this conveyed to her by her husband. It does not appear what its value is, how much it is incumbered, or what income, if any, it affords her. She received during the year and a half $500 insurance from some source other than the husband. There is no proof she has not other sources of income. She received little enough from her husband, apparently, and what she has received she should be permitted to retain, and should not be so hampered in the handling of it as to reduce its value and availability as a means of providing for her future support and maintenance in sickness as well as in health. Even if the agreement were void because it provided that the parties should live separate, and the husband should be relieved from his liability to support his wife, equity should not interfere in behalf of the husband to deprive the wife of such benefit as she has received under it, so long as it appears fair and equitable, and she keeps and performs it upon her part. Actions of this kind are not usually brought. Relief is ordinarily sought by the wife against the husband to set aside the contract because it does not make proper or suitable provision for the support and maintenance of the wife, and is therefore inequitable. See Hungerford v. Hungerford, 161 N. Y. 550, 56 N. E. 117.

We think the relief in this case was improperly granted, and that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event. All concur.