MEYER et al. v. JEWELL.

(Supreme Court, Appellate Term.  June 23, 1904.)

1. SALES—DELIVERY—HUSBAND AND WIFE—EVIDENCE.
    Where a wife was living apart from her husband, her declaration, distinct from the transaction of the purchase or delivery of supplies for which the husband was sued, that the goods were delivered, was incompetent as against the husband to show delivery.

2. SAME—MARKET VALUE.
    Where, in an action for goods sued for, there was no agreement to pay a specified price therefor, the seller could not recover, in the absence of proof of their fair market value.

3. SAME—HUSBAND AND WIFE—LIABILITY OF HUSBAND—BURDEN OF PROOF.
    Where a husband and wife are living apart, and he has furnished her with alimony sufficient to supply her needs, he is not liable to a tradesman for supplies furnished her, though such tradesman had no notice that they were living apart.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Frederick Meyer and another against James A. Jewell. From a Municipal Court judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Parsons, Closson & McIllvaine, for appellant.
Louis J. Grant, for respondents.

MacLEAN, J.  Besides an advance of $10, not necessary here to be considered, this action was brought to recover the value of certain supplies alleged to have been furnished by the plaintiffs to the defendant between April 17 and May 8, 1903, and of the value of $33.19. On this appeal the defendant contends that the plaintiffs failed to prove any cause of action against the defendant. The only thing to show delivery was an assertion of one of the plaintiffs—evidently not upon knowledge—that he knew they were sent, and the narration by the same witness of a conversation with the defendant's wife, who, upon inquiry, said she was satisfied she got the goods, and that she knew the goods were delivered. Her declaration, distinct from the transaction of the purchase or delivery of the goods, was incompetent as evidence against the husband to show delivery. Koch v. Bissell, 20 App. Div. 6, 46 N. Y. Supp. 632. As to the value of the goods the same witness stated the amount of the bill, but did not try to prove their value, or that they had any. To warrant a judgment, it was requisite to prove either an agreement to pay a specific price, or their fair market value. Butcher v. Con. Trust Co., 44 App. Div. 370, 60 N. Y. Supp. 915. It would appear, too, that the claim against the defendant was an afterthought, and that no credit was given for the same. Plaintiff, testifying, said he asked Mrs. Jewell for the money; was told by her that she was not responsible for the bill, and that Mr.

¶ 3. See Husband and Wife, vol. 26, Cent. Dig. § 123.

Jewell would pay it. Upon this failure of proof of a cause of action against the defendant, the motion to dismiss the complaint should have been granted. This was not done, and the defendant excepted. As an affirmative defense the defendant offered to prove that the parties were not living together, that the defendant had brought an action for divorce, and that the defendant, by way of alimony, furnished his wife with a sum sufficient to supply her needs. Questions to elicit these facts were at first excluded, the court stating, "You must prove actual notice to the plaintiffs that they should not furnish any more goods;" and ruling that payment of alimony for a period covered by the bill of particulars in the cause of action was immaterial "unless .you show that the plaintiffs had received notice before that not to furnish the goods." Most of the evidence of these facts was finally received, but without avail, under the prejudice of the learned justice, who unwarrantedly placed upon the defendant the burden of the liability alleged unless he showed that the plaintiffs knew, or had reason to know, that the husband and wife were living apart, and that the husband was making a suitable allowance for her. This is not the law. Hollihan v. Hollihan, 79 App. Div. 475, 80 N. Y. Supp. 44. The judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.