(22 Misc. Rep. 716.)

### NATIONAL CASH-REGISTER CO. v. RIGGS.

(Supreme Court, Appellate Term.    February 28, 1898.)

1. CONTRACT—ANSWER—EVIDENCE.

In an action on a written contract, where the answer is a general denial, defendant should be allowed to show that the contract put in evidence by plaintiff was not the contract he had executed.

2. SAME—EVIDENCE.

Under a general denial, in an answer, of allegations of complaint setting forth a written contract, defendant has a right to prove anything that would show the allegation untrue.

3. SAME.

In action on a contract, plaintiff set up a written instrument, by the terms of which defendant agreed to make certain notes to plaintiff.    Defendant pleaded a general denial, and alleged that under the agreement no notes were

to be given. *Held*, that evidence that a certain provision as to notes was not in the contract when defendant signed it was admissible.

**4. PLEADINGS—POWER TO AMEND—RIGHTS OF SUITORS.**
    A justice of the district court has power to amend the pleadings if substantial justice will be promoted thereby.

Appeal from Sixth district court.

Action by the National Cash-Register Company against Leon C. Riggs on a contract. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Clifford H. Gest (J. Park Henderson, of counsel), for appellant.
Perkins & Butler, for respondent.

GILDERSLEEVE, J.   This is an appeal from a judgment of the Sixth judicial district court, in favor of the plaintiff. The action is on a contract of conditional sale of a National cash register by plaintiff to defendant. The complaint, in paragraph 2, alleges that:

"On or about the 19th day of April, 1897, plaintiff and defendant entered into a contract in writing, a copy of which, marked 'A,' is hereto annexed, and made a part of this complaint."

The said Exhibit A contains a provision that part of the price for the cash register should be paid by notes of $10 each, payable monthly. The answer, in paragraph 11, "denies each and every allegation contained in the second paragraph of the complaint," and, in paragraph 7, the answer alleges that:

"It was expressly agreed, at the time that the above contract was entered into, that no notes were to be given by the defendant; and the defendant, acting upon said agreement, signed in blank a printed paper in substance similar to plaintiff's Exhibit A, on the understanding, in furtherance of the agreement, and representations made by the plaintiff's agent, that no notes were to be executed by defendant."

Upon the trial the plaintiff put in evidence the contract, which was partly printed and partly written in pencil, and parts of the printed matter were erased in pencil. It contained the provision as to the notes, as set forth in the copy attached to the complaint, marked "A," as above stated. Plaintiff's agent testified that the contract was signed in his presence by the defendant, and in answer to the question, "Was that all filled out as it is?" replied, "Yes, sir." On cross-examination he was asked, "Is it not a fact that, when Mr. Riggs signed that contract, all reference to any notes was stricken out?" This was objected to, and the court adjourned the trial, for about two weeks, to give defendant's counsel an opportunity to submit a brief on the admissibility of this evidence. On the return day, plaintiff rested, and defendant asked leave to amend the answer by setting up an allegation to the effect that, after the contract had been signed, plaintiff had fraudulently altered and modified the same by inserting the provision with regard to notes, above referred to. The motion was denied, on the ground that defendant was guilty of laches in waiting until the close of plaintiff's case before making his motion. The defendant thereupon went on with his defense, and

was asked the following questions by his counsel, viz.: "I will ask you whether you signed that instrument, as it appears there;" also, "calling your attention again to that contract, you will notice, about a little over halfway down, that there is a statement in the contract, $25 upon delivery, and notes for $10, payable monthly. I ask you if that was in the contract signed by you or not." These questions were ruled out by the trial judge. It is our opinion that this ruling was erroneous. Under the pleadings, as then before the court, defendant was at liberty to show that the contract put in evidence by plaintiff was not the contract he had executed. Boomer v. Koon, 6 Hun, 646. Under the denial of the allegation of the complaint, setting forth the contract, defendant had a right to prove anything that would show the allegation untrue. Boomer v. Koon, 6 Hun, 646; also, Wheeler v. Billings, 38 N. Y. 264, 265. Under this denial and the allegations in paragraph 7 of the answer, above set forth, it was competent for defendant to show that said provision as to notes was not in the contract when he signed it. See Boomer v. Koon, 6 Hun, 645; Schwarz v. Oppold, 74 N. Y. 307. We do not see that the doctrine here laid down is in any way in conflict with the well-established rule that "fraud is never presumed; and, in order to entitle a party to relief on that ground, it is essential that fraud be distinctly alleged in the pleadings, so that it may be put in issue, and evidence thereof given." Enc. Pl. & Prac. p. 684. Plaintiff puts in evidence a certain contract, a copy of which was set forth in the complaint; and its agent testifies that it was in its present form when defendant signed it, thus in a measure himself opening the door to the introduction of the excluded testimony. Defendant wishes to testify that one of the provisions was not in it when he signed it. His answer denies the contract as set forth in the complaint, and alleges a distinct agreement that there were to be no notes given, and that defendant, acting on such understanding and the representations of plaintiff's agent, signed a contract in blank. It seems to us that the excluded questions were proper. The plaintiff's contention that the attempt on the part of defendant to introduce this line of testimony was in violation of the rule that "parol, contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument" is untenable. Defendant was simply seeking to show that the contract put in evidence was not the contract he had executed, inasmuch as the contract signed by him contained no reference to any notes. Boomer v. Koon, supra. In Schwarz v. Oppold, supra, the complaint set forth a note payable on demand, with interest. The answer of the maker contained a general denial. The note put in evidence purported to be payable with interest, as alleged in the complaint. The court of appeals hold that "it was clearly competent for the defendant, under his general denial, to controvert this proof by showing that the note had been altered since its execution by adding the words 'with interest.'" In Boomer v. Koon, 6 Hun, 645, the complaint alleged, in the usual form, the making and delivery of the note sued upon, and described the note according to its terms. The answer denied the making and delivery of the note, as alleged in the complaint. At the trial the plaintiff

produced the note described in the complaint, and proved defendant's signature thereto. The defendant then offered to prove that said note had, after its execution and delivery, been altered by adding the words "with interest." The objection to the introduction of such testimony was sustained, and the general term held this ruling to be error. The court says: "The proof that the note produced on the trial had been altered in a material part was clearly proof that it was not his note; that he did not make and deliver such note." And the court hold that defendant should not have been precluded from such defense because he had omitted to set it up in his answer.

Having reached the conclusion that the judgment should be reversed for the error above set forth, it becomes unnecessary to discuss the propriety of the denial of the motion to amend the answer. We may say, however, that a justice of the district court has ample power, at any time before trial or during the trial, to amend the pleadings, if substantial justice will be promoted thereby; and it is not wholly within the discretion of the justice to refuse the proposed amendment, but suitors have a right to insist upon the exercise of this power in a proper case. See Vaughn v. Lego, 1 N. Y. Supp. 689; Code Civ. Proc. § 2944, made applicable to district courts by section 1347 of the consolidation act.

For the reasons above stated, the judgment appealed from must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.