## KING v. DORMAN.

(Supreme Court, Appellate Term.   January 30, 1899.)

1. ACCORD AND SATISFACTION—EVIDENCE.
    .Where, pending a dispute as to the amount of a debt, the creditor cashed a check sent in full payment for a sum less than claimed, this was evidence to show accord and satisfaction, notwithstanding his assertion that he accepted the check only on account.
2. SAME—ERROR—AMENDMENT.
    Where the evidence developed tended to show an accord and satisfaction, it was error to refuse an amendment pleading accord and satisfaction.

Appeal from municipal court, borough of Manhattan, First district.

Action by Rufus S. King against John B. Dorman.   There was a judgment for plaintiff, and defendant appeals.   Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

William T. Tomlinson, for appellant.

Hyland & Zabriskie, for respondent.

GIEGERICH, J.   This action was brought to recover a balance claimed to be due for commissions upon the sale of the schooner Sallie M. Russell, to one James H. Rogers for $1,600.   The defense was that the plaintiff was not the procuring cause of the sale, and that he did not bring a purchaser ready and willing to purchase said vessel upon the terms named by the defendant.   However, after the sale of the schooner, the defendant mailed to the plaintiff the following letter and check, viz.:

"Georgetown, Del., April 8, 1898.

"R. S. King, Esq.—Dear Sir:  I herewith inclose you my check for $25.00. I found the customer you presented was one who I was already in correspondence with before you commenced communicating at all with me, but. owing to the fact you may have not been aware of this, I inclose $25.00. Please receipt for same.

"Yours, etc.,                                    J. B. Dorman."

The check mentioned in the foregoing letter read as follows:·

"No. 4,146.                          Draw Bridge, Del., April 9, 1898.
                    "Farmers' Bank of the State of Del.
                          "At Georgetown.
"Pay to Rufus S. King, or order, twenty-five $^{00}/_{100}$ dollars, in full to date.
"$25.00.                                      John B. Dorman."

The indorsements on the back thereof were:   "Rec'd on account Rufus S. King, for deposit.   J. Travers King."

The plaintiff testified that after receiving said letter he wrote defendant, inclosing a bill for commissions upon the sale of the schooner in question;   that $25 was not payment of the same;   that he had

procured the customer, who informed him that he did not know the defendant, nor the vessel above named; and that he demanded the full amount of his commissions. Correspondence followed, in the course of which each party insisted upon the correctness of his own view of the transaction, and on cross-examination the plaintiff testified that he wrote on the back of the check above set forth the words, "Rec. on account," when he collected the same a month after its date. During the course of the cross-examination of the plaintiff, and after the foregoing proofs had been received, the defendant asked for leave to "amend his answer so as to plead accord and satisfaction." This was objected to, the motion was denied, and the latter excepted.

There being a dispute as to the amount payable to the plaintiff at the time the check was received by him, his act in making use of the check for a sum which was less than the amount claimed by him, but which was sent in full payment, was to be given effect as evidence in support of an accord and satisfaction, notwithstanding his assertion that he accepted the sum only upon account of the unliquidated demand (Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034; Reynolds v. Lumber Co., 85 Hun, 470, 33 N. Y. Supp. 111); and therefore the amendment asked involved a perfectly valid defense, supported by the proof. The proposed amendment not having been opposed on the ground of surprise, it is clear, under the circumstances, that the court below erred in not allowing it. It is mandatory upon the municipal court of the city of New York to allow a pleading to be amended at any time before the trial, or during the trial, if substantial justice will be promoted thereby. Milch v. Insurance Co., 13 Misc. Rep. 232, 233, 34 N. Y. Supp. 15; Register Co. v. Riggs, 22 Misc. Rep. 716, 719, 50 N. Y. Supp. 35. As was said by Mr. Justice Gildersleeve, who wrote in the case last cited (page 719, 22 Misc. Rep., and page 38, 50 N. Y. Supp.): "* * * It is not wholly within the discretion of the justice to refuse the proposed amendment, but suitors have a right to insist upon the exercise of this power in a proper case." It follows from these views that the refusal to permit such amendment was error of so substantial a nature as to require the reversal of the judgment, and it is, therefore, not essential that we specifically consider other points urged by the appellant upon this appeal.

The judgment should, therefore, be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.