(38 App. Div. 128.)

### HATCH v. LEONARD.

(Supreme Court, Appellate Division, First Department. March 10, 1899.)

HUSBAND AND WIFE—ACTION FOR NECESSARIES FURNISHED THE WIFE—PLEADING.

> In an action for goods sold and delivered, evidence that they were sold to defendant's wife, who was living apart from her husband, and were necessaries for her which he did not supply, is inadmissible, under an allegation that they were bought by the wife as her husband's agent.

Appeal from trial term, New York county.

Action by Edward P. Hatch against John Leonard. There was a judgment for defendant, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Edward W. S. Johnston, for appellant.
Brainard Tolles, for respondent.

RUMSEY, J. The plaintiff alleged that he delivered to defendant, and at his request, certain merchandise, "the sale and delivery being to, and said request and the promise to pay therefor being made by, the wife of the defendant, defendant's agent." The value of the goods was alleged, and a promise to pay by defendant, and judgment was asked for the value alleged. The defendant denied the allegations of the complaint, and for a separate defense set up that the defendant and his wife lived separate and apart from each other, and that he made reasonable allowance to her for her support and that of her family. At the trial plaintiff proved the delivery of the goods to the wife of defendant, and that they were actually used by her for herself and her children. It appeared, from the testimony of the plaintiff's witness, that the husband and wife actually lived apart at the time of the sale of the goods, and had so lived for some years. The wife's testimony, which was read upon the trial, stated that she had been so living apart for some years, and that her husband supplied her with money from month to month. The precise amount with which he supplied her did not appear by proof. The court held that, when it appeared that the husband and wife were

living separate and apart from each other, the presumption that the wife was the agent of the husband, to charge him for purchases made by her, ceased; that the plaintiff could recover for goods delivered to a wife living separate from her husband if they were necessaries, and if it appeared that he did not supply them, or furnish her with money to buy them; and that the plaintiff, seeking to recover upon that theory of liability, must allege it in his complaint. The learned justice held that the complaint in this action did not contain the proper allegations to entitle the plaintiff to prove the liability of the husband for goods sold to his wife while she was living separately, and he therefore excluded evidence offered to prove such facts, and dismissed the complaint.

The authorities sustain him in his view of the law. Schouler, Husb. & Wife, §§ 117, 119, 120, and cases cited. Before plaintiff could recover it was necessary that he should allege that the articles furnished to the wife were necessaries, and that the defendant did not supply them; for it was only in case this was the state of affairs that the husband was liable. The same rule was laid down in an action against a father for necessaries furnished to his infant child, which stands upon the same principle. Goodman v. Alexander, 28 App. Div. 227, 50 N. Y. Supp. 884. We have examined the rulings made by the court upon the trial, and can find no error in them.

The judgment should be affirmed, with costs. All concur.