(28 Misc. Rep. 563.)

### THEDFORD v. READE.

(Supreme Court, Appellate Term. July 26, 1899.)

PLEADINGS—AMENDMENT—MUNICIPAL COURT OF NEW YORK.

It is mandatory on the municipal court to allow a pleading to be amended at any time during the trial, if substantial justice requires it.

MacLean, J., dissenting.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by George W. Thedford against Robert L. Reade. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

W. C. Relyea, for appellant.
Rosendale & Dodd, for respondent.

LEVENTRITT, J. On a verified complaint for goods sold and delivered, the plaintiff sued for the conceded value of coal and wood ordered by the wife of the defendant while the latter was confined, by legal commitment, in the Bloomingdale Lunatic Asylum. On a previous appeal to this court (54 N. Y. Supp. 1007), judgment in favor of the plaintiff was reversed on the ground that the plaintiff failed to establish that the defendant's wife "was not otherwise provided for, and that he was warranted in furnishing this coal to her

on defendant's credit." Upon a retrial the plaintiff sought to supply the proof, the absence of which had resulted in the reversal of his former judgment. He was met with the objection that the evidence was not admissible under his pleading, and thereupon asked leave to amend. Although first inclined to grant the application, the justice finally, on the authority of Hatch v. Leonard, 38 App. Div. 128, 56 N. Y. Supp. 489, sustained the objection to the amendment, and dismissed the complaint. We think this disposition of the case calls for a reversal. Where substantial justice requires, it is mandatory upon the judge to allow the amendment of a pleading at any time before or during the trial. Milch v. Insurance Co., 13 Misc. Rep. 231, 34 N. Y. Supp. 15. The court was swerved from following its first impulse by a misconception of the decision relied on. In Hatch v. Leonard, supra, it was merely held that, under the usual allegations in a complaint for goods sold and delivered, evidence that the goods so furnished were necessaries, and that the husband living apart from his wife did not supply them, or furnish his wife with money with which to purchase them, was inadmissible. So far as appears from the opinion, the question of amendment was not involved; but, even if it had been, the trial court would have been compelled to remit the moving party to the special term, as the granting of the proposed amendment would have substituted a new cause of action. In the municipal court, however, where the distinction between trial and special term does not exist, the justice must entertain the motion to amend, granting the defendant an adjournment if the allowance of the amendment renders it necessary, and can deny the relief only where the furtherance of substantial justice forbids. The justice properly followed Hatch v. Leonard in so far as he rejected the proffered testimony on the pleading as it stood. He erred, however, in not allowing the amendment, imposing such terms as, in the exercise of his discretion, he deemed just. Code, § 2944; Consolidation Act, § 1347. On the record as it comes before us, resting on the plaintiff's case alone, we are not in a position to decide whether the defendant and his wife were living separate and apart, in the sense contemplated by Hatch v. Leonard. As there is some question concerning the plaintiff's diligence in moving for the amendment, no costs should attend the reversal of the judgment.

Judgment reversed, without costs, and a new trial ordered.

FREEDMAN, P. J., concurs.

MacLEAN, J. (dissenting). The sole question presented upon this appeal is whether the justice below should or should not have allowed a change of pleadings upon the trial, under Code Civ. Proc. § 2944: "The court must upon application allow a pleading to be amended, at any time before the trial, or during the trial, or upon appeal, if substantial justice will be promoted thereby." The plaintiff alleged in his verified complaint that he, between the 7th and 16th of September, 1897, at the special instance and request of the defendant, sold and delivered to him coal and wood of the reasonable value of $108.50, which the defendant agreed to pay, but never

did. The plaintiff testified upon the trial that he knew the defendant; that he sold him, and sent to his house, 19 tons of coal, and some wood, of the reasonable value of $108.50. But he admitted on cross-examination that he never saw the defendant until he met him at the trial; that all he knew was that some one came in and gave an order to send something to the house where somebody named Reade lived, and he sent it. He added on redirect examination that he had had prior orders from the same place, that he had sent the stuff, and that the check came. Then Martha A. Reade, called by the plaintiff, having testified that she was the defendant's wife, and that she had ordered and used the coal when she did not live with her husband, who was at the Bloomingdale Hospital as a declared lunatic, was asked how the quantity of coal purchased this time compared with the quantity purchased the last time. This question was objected to as immaterial to the issues. The objection was sustained, and the plaintiff excepted, and then the plaintiff's counsel said: "I move to amend the complaint so as to make it one for necessaries. I assumed that that was the complaint in the suit." This motion the court denied upon the defendant's objection that it would be an entirely different cause of action,—a new cause of action,—and not an amendment. Unless the section cited above means that the justice of the municipal court must allow substitution, under the guise of amendment, of a new cause of action, upon the mere application of a party, whether he be advised that substantial justice will be promoted or not, the objection raised by the defendant's counsel seems to have been a good one, and the action of the court correct. That the plaintiff could not introduce the evidence which apparently was about to be offered under the pleading upon which he had brought the defendant into court, and that he required therefor entirely different allegations in his complaint, must have been known to his counsel long before. That is laid down in the very horn books of practice, and shown in form books for beginners. In fact, the plaintiff had been taught this in the proverbially dear school of experience, in the opinion rendered in this court upon his former failure to prove his case. He was also warned nearly a year before the trial, by the answer, that the plaintiff proposed to prove that for some time previous to, at the time of, and after the alleged purchase of coal, he was confined in Bloomingdale Hospital, having been judicially declared insane and incompetent to manage his affairs and make contracts, and that Martha A. Reade was appointed committee of his person and property on August 28th, and continued so to act until April 4, 1898. Even if he guessed that the defendant might be as reckless as his own client in swearing to allegations which he could not prove, the plaintiff's counsel might well have informed himself of the truth of the allegations in the answer, and which he easily could have done by examining the records of the court of the dates indicated. On such examination he would have found, as he would have expected to find, that the committee, Mrs. Reade, was directed to provide for the maintenance, sustenance, and support of her husband and his family out of the rents, issues, and profits of his estate; for all this, and more, appears in the report of the reversal of the judg-

ment on the first trial of this case. This more than suggests that the action was not brought against the proper person. Nothing appears from the facts proven upon the trial from which this appeal arises, or from the evidence recited in the former opinion of the appellate term (Thedford v. Reade, 25 Misc. Rep. 490, 54 N. Y. Supp. 1007), from which it may be inferred that substantial justice would be promoted by making the change asked for by the plaintiff, whether it be called amendment of the pleading, or substitution of new cause of action. The plaintiff himself was in poor position to ask the favor provided for in section 2944; for he himself had disregarded the requirements of section 2936, to wit, "The complaint must state in a plain and direct manner the facts constituting the cause of action." This mandate it behooves a party very strictly to follow, who will have the public and public authorities supervise his quarrel. He had disregarded two of the chief objects of the present forms of pleading, of which one was the introduction of verity, by providing that parties, in their allegations, should have the same regard to truth that prevails between members of society in their daily communications with each other, and not willingly spread a falsehood upon the record. The other was that pleadings should inform the court and the adverse party of the facts alleged in support or defense of the action. Bush v. Prosser, 11 N. Y. 347, 352.

The judgment should be affirmed, with costs to the respondent.