HERBERT S. DIXON, Respondent, v. WALTER S. CHAPMAN, Appellant.

*Services rendered by a physician to the child of a father and mother not living together — liability of the father therefor.*

A physician, called by a mother to attend her infant child, is not chargeable with constructive notice of the fact that the father and mother of the child do not live together, and the father is responsible to the physician for the value of the services thus rendered.

APPEAL by the defendant, Walter S. Chapman, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, second district, in favor of the plaintiff, rendered on the 19th day of October, 1900.

*George W. Martin*, for the appellant.

*Stephen H. Keating*, for the respondent.

WOODWARD, J.:

The plaintiff in this action is a physician, who asks to recover from the defendant for services rendered to his infant daughter. The complaint avers that "between the 30th day of March, 1900, and the 28th day of April, 1900, the above-named plaintiff, at the special instance and request of the defendant, rendered services as a physician in and about the treatment of Nettie Chapman, an infant daughter of the defendant, at No. 251 Sumner avenue, Brooklyn, and for divers medicines and other articles provided and administered in that behalf by plaintiff;" that the services were worth eighteen dollars, and that payment had been demanded and refused. The defendant answering, "denies each and every of the allegations

in said complaint contained," and demands judgment dismissing the complaint, with costs.

Upon the trial the plaintiff established the facts as alleged in his complaint, or, at least offered evidence from which the court might properly find in his favor, and judgment was ordered for the full amount of the claim, with interest and costs. It appeared from the evidence, which plaintiff allowed to be admitted without objection, that the defendant and his wife did not live together, but there was no evidence to show that the plaintiff knew of this fact until after he had rendered the most of the services involved in this controversy. The defendant insists upon this appeal that under the ruling in *Hatch* v. *Leonard* (38 App. Div. 128) he cannot be held liable. In that case the defendant denied the allegations of the complaint, and set up as a separate defense that the defendant and his wife lived separate and apart from each other, and that he made reasonable allowance to her for her support and that of her family. It was under these circumstances that the court held that the plaintiff had failed to make the proper allegations to entitle him to prove the liability of the husband for goods sold to his wife while she was living separately. It cannot be the law that a physician, called upon to attend an infant child by the mother, is chargeable with constructive notice of the actual relations existing between the mother and father of the child in the absence of actual notice of the facts. It is a general rule that if a husband living separate from his wife suffers his children to reside with their mother, he is liable for necessaries furnished for them on her contracts, for as a father he has the right to the custody of the children, and may, in a proper case, obtain possession of their persons by habeas corpus; and where he does not assert that right, but suffers them to remain with their mother, he thereby constitutes her his agent to procure necessaries for them. (15 Am. & Eng. Ency. of Law [2d ed.], 891.) The defendant having been allowed to offer evidence of matters which he had not pleaded, is hardly in a position to complain of the judgment against him, and in view of the fact that he testified that his residence was at the same place as that of his wife, and that the wife testified that he came home about once in two weeks, the court would be justified in finding that the parties were not actually separated.

It is very clear that the plaintiff has rendered the services; that the defendant is liable, and that the judgment appealed from should be affirmed.

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment of the Municipal Court affirmed, with costs.