## DIXON v. CHAPMAN.

(Supreme Court, Appellate Division, Second Department. December 14, 1900.)

HUSBAND AND WIFE—SEPARATION—NECESSARIES—MEDICAL TREATMENT.

A father of a child which has been given medical treatment by a physician at the mother's request is liable therefor, where such mother and father have not separated, though they live apart, since, by leaving the child with the mother, the father constituted her his agent to procure necessaries for it.

Appeal from municipal court, borough of Brooklyn.

Action by Herbert S. Dixon against Walter S. Chapman. From a judgment in favor of the plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

George W. Martin, for appellant.
Stephen H. Keating, for respondent.

WOODWARD, J. The plaintiff in this action is a physician, who asks to recover from the defendant for services rendered to his infant daughter. The complaint avers that "between the 30th day of March, 1900, and the 28th day of April, 1900, the above-named plaintiff, at the special instance and request of the defendant, rendered services as a physician in and about the treatment of Nettie Chapman, an infant daughter of the defendant, at No. 251 Sumner avenue, Brooklyn, and for divers medicines and other articles provided and administered in that behalf by plaintiff"; that the services were worth $18, and that payment had been demanded and refused. The defendant, answering, "denies each and every of the allegations in said complaint contained," and demands judgment dismissing the complaint, with costs. Upon the trial the plaintiff established the facts as alleged in his complaint, or at least offered evidence from which the court might properly find in his favor, and judgment was ordered for the full amount of the claim, with interest and costs. It appeared from the evidence, which plaintiff allowed to be admitted without objection, that the defendant and his wife did not live together; but there was no evidence to show that the plaintiff knew of this fact until after he had rendered the most of the services involved in this controversy. The defendant insists upon this appeal that under the ruling in Hatch v. Leonard, 38 App. Div. 128, 56 N. Y. Supp. 489, he cannot be held liable. In that case the defendant denied the allegations of the complaint, and set up as a separate defense that the defendant and his wife lived separate and apart from each other, and that he made reasonable allowance to her for her support and that of her family. It was under these circumstances that the court held that the plaintiff had failed to make the proper allegations to entitle him to prove the liability of the husband for goods sold to his wife while she was living separately. It cannot be the law that a physician called upon to attend an infant child by the mother is chargeable with constructive notice of the actual relations existing between

the mother and father of the child, in the absence of actual notice of the facts. It is a general rule that, if a husband living separate from his wife suffers his children to reside with their mother, he is liable for necessaries furnished for them on her contracts, for as a father he has the right to the custody of the children, and may, in a proper case, obtain possession of their persons by habeas corpus; and where he does not assert that right, but suffers them to remain with their mother, he thereby constitutes her his agent to procure necessaries for them. 15 Am. & Eng. Enc. Law (2d Ed.) 891. The defendant, having been allowed to offer evidence of matters which he had not pleaded, is hardly in a position to complain of the judgment against him, and, in view of the fact that he testified that his residence was at the same place as that of his wife, and that the wife testified that he came home about once in two weeks, the court would be justified in finding that the parties were not actually separated. It is very clear that the plaintiff has rendered the services, that the defendant is liable, and that the judgment appealed from should be affirmed.

The judgment appealed from should be affirmed, with costs. All concur.