## BERGMAN v. NEIDHARDT.

(Supreme Court, Appellate Term. March, 1902.)

MUNICIPAL COURTS—AMENDMENT OF PLEADINGS.

    In an action in a municipal court to recover for conversion defendant pleaded infancy. Plaintiff applied for leave to amend by setting up fraud of defendant in representing himself to be of full age in order to obtain the property converted. *Held* that, as it is mandatory in a municipal court to allow amendment during trial in promotion of justice, denial of the motion to amend was error.

Appeal from municipal court, borough of Manhattan.

Action by James Bergman against Charles A. Neidhardt. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GREENBAUM and GIEGERICH, JJ.

Einstein & Townsend, for appellant.
John W. Brainsby, for respondent.

GIEGERICH, J. The action is to recover damages for the conversion of a diamond scarf pin of the value of $100, which was delivered to the defendant under a conditional sale. The pleadings were oral, and the answer set up a general denial, infancy, breach of contract, and a counterclaim for $43, being the amount paid on account of the purchase price of said pin.

Before the trial, the plaintiff, in order to meet the defendant's plea in disaffirmance of the contract, gave notice to the latter that he would apply to the court for leave to amend the complaint by setting up fraud and deceit as an additional cause of action, and at the time fixed for the trial, and before the commencement thereof, the plaintiff applied to the trial justice for such amendment, and decision was reserved. Later on, and after testimony had been given by the defendant in support of the defense of infancy, the plaintiff again renewed the motion to amend, and, although the defendant urged no opposition to the granting of the same, the justice denied the motion, and the plaintiff excepted. We are of the opinion that this ruling is erroneous. It has repeatedly been held that it is mandatory upon the municipal court of the city of New York to .allow a pleading to be amended at any time before the trial or during the trial if substantial justice will thus be promoted thereby. Milch v. Insurance Co., 13 Misc. Rep. 232, 233, 34 N. Y. Supp. 15; Cash Register Co. v. Riggs, 22 Misc. Rep. 716, 719, 50 N. Y. Supp. 35; King v. Dorman, 26 Misc. Rep. 133, 135, 55 N. Y. Supp. 876; Thedford v. Reade, 28 Misc. Rep. 563, 564, 59 N. Y. Supp. 537. An infant who obtains possession of personal property by falsely representing himself to be of full age is liable in an action of tort either to recover the property back or to recover damages upon the ground that it was wrongfully obtained. Eckstein v. Frank, 1 Daly, 334; Manufacturing Co. v. Jacobs, 2 Misc. Rep. 236, 21 N. Y. Supp. 1006. Upon the pleadings as they stood at the time of the trial, the plaintiff was precluded from showing that he was induced to enter the contract and to sur-

render possession of the pin by reason of the alleged fraudulent representations of the defendant as to his age, and in view of the circumstances we cannot perceive any possible reason for the trial justice's refusal of the amendment, especially as no opposition, even on the ground of surprise, had been offered thereto. It results from these views that the justice erred in not allowing the amendment, and that for such error the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide event. All concur.