## PEOPLE v. RUBENS.

### (Kings County Court. July 19, 1904.)

**1. CARE OF CHILD—RIGHTS AND DUTIES OF FATHER.**

A father is chargeable with the care and maintenance of his children, and is also entitled to their custody, their society, and their services.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Parent and Child, §§ 14, 15.]

**2. SAME—CRIMINAL ABANDONMENT OF CHILDREN—UNLAWFUL DETENTION BY WIFE.**

The fact that a man refuses to support his children, whom his wife unlawfully keeps away from him or prevents him from seeing, does not constitute a criminal abandonment of the children, especially where it is not shown that he is not in every way a worthy father, and he is ready and willing to support the children, and has demanded their return to him for that purpose.

Appeal from Justice Court.

Sacharo Rubens was convicted before a magistrate as a disorderly person, under section 685 of the charter of Greater New York (Laws 1901, p. 279, c. 466), and appeals. Reversed.

Frank Moss (Isidor Wels, of counsel), for appellant.

John J. Delaney, Corp. Counsel (Martin Flanigan, of counsel), for respondent.

CRANE, J. I can find no evidence in the case sufficient to convict the defendant of being a disorderly person, in having abandoned his children. The husband and wife entered into a separation agreement under which they apparently have been living apart ever since. By this she was given the custody of the boy, but nothing definite was fixed for his support. The circumstances under which the wife subsequently obtained possession of the girl are disputed. She testifies the child was given to her by the husband, while he claims that it was kidnapped by the wife. As to the custody of the children, the separation agreement is very unsatisfactory and uncertain. No provision is made for the father to see the boy. The father, according to the general rule, is chargeable with the care and maintenance of his children; but he is also entitled to their custody, their society, and their services. I do not find anything in the evidence in the case to show that the defendant has renounced all these, even if he could legally do so by agreement; nor is there any reason given why the defendant cannot see his children, or take them to his home. His wife refuses to permit him to see the children, and yet insists that he shall support them. He has means sufficient to support his children, is ready and willing to support them, and has demanded their return to him for this purpose. Accordingly the children need not become a charge upon the county, as the father stands ready to furnish a better living for them, indeed, than the county authorities could enforce. Because a man refuses to support his children, whom the wife unlawfully keeps away from him or prevents his seeing, con-

stitutes no abandonment, especially when it does not appear but that he is in every way a worthy father. See Duryea v. Bliven, 122 N. Y. 567, 25 N. E. 908; Allen v. Affleck, 10 Daly, 509.

Judgment of conviction reversed.