### ASBESTOS PLASTERING CO. v. NORCROSS BROS. CO.

(Supreme Court, Appellate Term, First Department.  June 3, 1915.)

1. CONTRACTS ⟨⟩320—ACTIONS—SUBSTANTIAL PERFORMANCE.
   While a contractor may recover, if he has substantially performed his agreement, he cannot, where the contract has not been completely performed, recover the agreed price, and he must prove the costs of remedying the defects or completing the work.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1459, 1469, 1493–1527; Dec. Dig. ⟨⟩320.]

2. COURTS ⟨⟩189—MUNICIPAL COURTS—AMENDMENT OF PLEADINGS.
   Under Municipal Court Act (Laws 1902, c. 580) § 166, providing that the court must, upon application, allow a pleading to be amended at any time if substantial justice will be promoted thereby, defendant, sued by a subcontractor who had only substantially performed, may, having given two weeks' notice of intention to amend its answer, introduce counterclaims arising out of the same contract.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⟨⟩189.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Asbestos Plastering Company against the Norcross Bros. Company.  From a judgment for plaintiff, defendant appeals.  Reversed and remanded.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

George H. D. Foster, of New York City, for appellant.

Aronson & Salant, of New York City (Louis Salant, of New York City, of counsel), for respondent.

COHALAN, J.  Plaintiff, a subcontractor, sues the defendant, a general contractor, to recover a balance upon a written contract, by the terms of which it was to do lathing, plastering, and stucco work. for the residence of one Whittal at Shrewsbury, in the state of Massachusetts.  The complaint alleged full and complete performance by the plaintiff.

The defendant asserts that there was neither a performance nor a substantial performance of the terms of the contract, and even if it had been shown that there was a substantial performance there was no proof of the cost of remedying the obvious defects and the uncompleted work left by the plaintiff; that there was no allowance made for any defect whatsoever, except $20 allowed for certain whitewashing. It would seem that on its own proof the plaintiff failed and refused to remedy certain defects in the plastering and stucco; that it did not make parts of the stucco of the color directed by the architect, and did not do the whitewashing; and that its failure to do this work was willful and intentional.

The court properly charged the jury with respect to the whitewashing, but refused to so charge with regard to the plastering and to the stucco work. The defendant raised the point, not only as to the failure of proof of substantial performance, but also as to the necessary proof in case it had been found contrary to the evidence that there was a substantial performance. The court was requested to charge that the verdict of the jury must be based upon evidence of the actual cost to the defendant, and the court refused to so charge. There was no evidence adduced either as to the actual cost or the reasonable cost of repairing the conceded defects in the plastering in the building. The defendant was prevented from showing that the color of parts of the stucco work was not approved by the architect, notwithstanding that article 11 of the contract contained these provisions: That the work was to be done under the direction of the architect; that additional drawings and explanations, as might be necessary to detail and illustrate the work to be done, was to be furnished by the architect; and that the parties to the agreement were to conform to and abide by the same, so far as they might be consistent with the purpose and intent, of the original drawings and specifications.

There was undisputed evidence in the case that there were defects in the plastering, and these defects were not remedied by the plaintiff after due notice, and so far as the stucco work was concerned there was no evidence given with regard to a compliance with the terms of the contract and the specifications. Moreover, the contract and specifications constituted a guaranty and warranty of the plaster and stucco work. In addition to the defective condition of the work left by the plaintiff, further defects developed in both the plastering, which was warranted for one year, and in the stucco work, which was warranted for five years, prior to the expiration of the first year of the work.

[1] If the failure to perform all the terms of the contract in full was slight and unintentional, the judgment might be sustained. Substantial performance is performance, except as to unsubstantial omission with compensation therefor. Spence v. Ham, 27 App. Div. 379, 50 N. Y. Supp. 960, affirmed 163 N. Y. 220, 57 N. E. 412, 51 L. R. A. 238; Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017. In the case of Spence v. Ham, supra, the court says:

"The doctrine of substantial performance necessarily includes compensation for all defects, which are not so slight and insignificant as to be safely 'overlooked on the principle of "de minimis non curat lex." ' Van Clief v. Van Vechten, supra. Unsubstantial defects may be cured, but at the expense of

the contractor, not of the owner. The contractor cannot recover the entire contract price when defects or omissions appear, for he must show, not only that they were unsubstantial and unintentional, but also the amount needed to make them good, so that it can be deducted from the contract price and a recovery had for the balance only."

There was certain extra work left undone, and the judgment cannot be sustained, in view of the fact that there was a lack of proof of the actual cost to the defendant of completing the work left undone by the plaintiff.

[2] There were other errors committed on the trial which require a reversal of the judgment, only one of which need now be considered. The case was tried on December 23, 1914. On December 8, 1914, a notice was served on the plaintiff, which apprised it of the fact that the defendant intended on the trial to amend its answer. During the progress of the trial the defendant moved to amend, by setting up certain counterclaims, stating at the same time that a two weeks' notice of the intention to amend had been given, and handed up a written answer incorporating such amendments. Plaintiff did not plead surprise, but objected, first, that the proper time for the amendment was at the beginning of the trial, and not during the trial; and, secondly, on the ground that a counterclaim constituted an independent cause of action, and was not a proper amendment.

The alleged independent causes of action were claims which arose upon the contract in suit. The court refused to allow the amendment. This was error. Municipal Court Act, § 166, provides in part:

"The court must, upon application, allow a pleading to be amended, at any time, if substantial justice will be promoted thereby."

See King v. Dorman, 26 Misc. Rep. 133, 55 N. Y. Supp. 876; Bergman v. Neidhardt, 37 Misc. Rep. 805, 76 N. Y. Supp. 900.

The judgment is reversed, and new trial ordered; costs to appellant to abide the event. All concur.