## FIGLAND, Respondent, v. JONES, Appellant.

### (162 N. W. 738.)

(File No. 3943.   Opinion filed May 21, 1917.)

1. **Trials—Instructions—Flowing Well Contract—Force of Water Into Tank, Defense—Burden of Proof.**

In a suit for price of drilling an artesian well, plaintiff alleging a contract guaranteeing sufficient water for domestic and farm use, the answer being a general denial with allegations that, in addition to what plaintiff alleged, a further provision was for sufficient force of water to throw it into the middle of a certain tank, held, that an instruction that the burden of proof was upon defendant to show that that was the contract was erroneous; that the burden of proof was on plaintiff at all times to show what was the real contract.

2. **Evidence—Defense Under General Denial With Affirmative Allegations—Burden of Proof, as Remaining on Plaintiff.**

Defendant never has burden of proving what he may show as a defense under a general denial, but the burden still remains with plaintiff based upon the whole evidence. So held, where defendant in a suit for price of drilling a well, alleged, in addition to a general denial, that the flow was to be sufficient to throw the water into middle of a certain tank.

Appeal from Circuit Court, Sanborn County.   Hon. FRANK B. SMITH, Judge.

Action by S. G. Figland, against J. P. Jones, to recover contract price for drilling and constructing a well.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed and remanded.

*Null & Royhl,* for Appellant.

*John E. Whiting,* and *Spangler & Haney,* for Respondent.

(1) To point one of the opinion, Appellant cited:   Coffman v. Pub. Co., A. Cas. 1913B, 639.

Respondent cited:   1 Rice on Ev. 110-112; Bliss on Code Pleading, Sec. 340; Jones on Ev. (2d ed.) 209, Sec. 180; Denver F. B. Co. v. Platt, 19 Pac. 536.

McCOY, J.   This action was brought to recover the alleged contract price for drilling and constructing a well.   There was a verdict and judgment for plaintiff, and defendant appeals.   The plaintiff alleged and adduced testimony tending to show that he entered into a verbal contract with defendant whereby he agreed to drill and construct for defendant a flowing artesian well, guaranteeing to defendant that said well, when finished, would furnish

defendant plenty of water for domestic use and for all stock kept by defendant upon his farm. Plaintiff further alleged and offered testimony tending to show that he had fully complied with the terms of said contract as alleged by him. The defendant denied the allegations of plaintiff, and alleged and offered testimony tending to show that the real contract entered into between plaintiff and defendant, besides containing the provisions as alleged by plaintiff, also contained the further and additional provision that said well should have sufficient force to throw the water coming therefrom into the middle of a certain tank defendant intended to construct in connection with said well. There was sharp conflict in the testimony as to what was the real contract between these parties, the plaintiff contending that it was one thing and the defendant contending that it was another, although it is conceded by defendant that if the contract was as contended for by plaintiff the same has been complied with. The real issue is whether or not the contract contained the provision as claimed by defendant. The learned trial court in substance instructed the jury that from the evidence it was undisputed that a well substantially in compliance with the contract as stated by plaintiff was drilled, that defendant finds no fault with the quantity of water furnished or the manner in which the well was dug, but the defendant says that, in addition to the contract as set out in the complaint of plaintiff, it was further agreed that said well must have sufficient force to throw water into the middle of said tank, and, continuing, the court said:

"Now, gentlemen, the burden of proof is upon the defendant to show that that was the contract."

To the giving of this instruction the defendant duly excepted, and now urges such ruling as error.

[1] We are of the opinion that the appellant is right in this contention. The burden of proof was on plaintiff at all times to show what was the real contract under which he constructed the well. The testimony offered by defendant as to the terms of this contract tended to disprove the real contract as contended for by appellant. If, under the rules of pleading, a plaintiff might be permitted to allege and show only a part of a contract, claiming the same to be the whole of the real agreement, he might thus saddle upon defendant the burden of showing what plaintiff him-

self should have alleged in the first instance. Under this situation of affairs courts seem to generally hold that upon the whole case as made by the whole evidence the plaintiff has the burden of proof as to what constituted the real contract. The well in the case at bar was constructed under a special contract. The case of Hull v. Cooper, 36 Mo. App. 389, is very similar to the case at bar. That case was for the construction of a well, and the plaintiff did not allege the entire contract; but the defendant alleged that the plaintiff, by the contract which was really made, guaranteed to furnish sufficient water to run a certain mill. The plaintiff contended that, when the defendant set up a contract different in terms from that which the plaintiff alleged, the burden was on defendant to prove such contract. In that case the court held that the burden was on plaintiff to show the real contract on which his right to recovery was based, and that, if he did not allege the real contract in the first instance, he could not thereby shift the burden of proof to defendant to show the real contract; that on the whole case the burden was on plaintiff to show the real contract on which he was entitled to recover. To the same effect is Phipps v. Mahon, 141 Mass. 471, 5 N. E. 835. The rule stated in 9 Cyc. 735, is as follows:

"Under the general denial the defending party is always at liberty to disprove or overthrow the contract asserted against him by proving that it was materially different from the one so asserted; in other words, he may show what the contract really was."

[2] The defendant never has the burden of proving what he may show as a defense under a general denial, but the burden still remains with plaintiff based on the whole evidence. Also see 9 Cyc. 757. National Cash Reg. Co. v. Riggs, 22 Misc. Rep. 716, 50 N. Y. Supp. 35; Stewart v. Goodrich, 9 Mo. App. 125; McGill v. Hall (Tex. Civ. App.) 26 S. W. 132; Marsh v. Dodge, 66 N. Y. 533; Wilkerson v. Farnham, 82 Mo. 672.

The judgment appealed from should be reversed, and the cause remanded.