MINNA G. HASKELL, Respondent, *v.* WILLIAM S. HASKELL, Appellant.

First Department, May 5, 1922.

**Parent and child — father not liable for necessaries furnished son by mother where father and mother live separate under agreement whereby father was to support son but mother, in violation of agreement, refuses to permit father to have custody of son and control his education.**

A father is not liable for necessaries furnished his minor son by the boy's mother, where the father and mother live separate and apart under a separation agreement which provides that the boy shall be supported and educated under the sole direction of the father, but the mother, in violation of the agreement, retains custody of the boy and, in effect, upholds him in disobeying his father by refusing to attend school, the father at all times being ready and willing to support and educate the son.

DOWLING, J., dissents.

APPEAL by the defendant, William S. Haskell, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of December, 1921, upon the decision of the court rendered after a trial at the New York Special Term.

*William S. Haskell* [*E. C. Sherwood* of counsel], for the appellant.

*Samson Selig,* for the respondent.

GREENBAUM, J.:

Plaintiff, the wife of the defendant, brought this action to recover moneys alleged to have been advanced by her for necessaries for their infant son, their only child, during the period commencing August 1, 1918, and ending January 13, 1919.

The answer of the defendant sets forth an agreement of separation entered into between the parties dated June 27, 1916, a copy of which is annexed to the answer. It was therein provided among other matters that their son " shall be supported, educated and maintained by and under the sole direction of said husband and at his expense, without any interference on the part of said wife * * *; that during the school and college courses said boy shall not leave said school or said college, except during his vacations, to visit or see said wife, without said husband's written consent, and it is agreed that said wife shall not interfere in any way with the education of said boy, but said wife shall have the right to write to said boy, to receive letters from him, and to correspond with him without any inspection at the said school or elsewhere. If the boy is taken ill the said wife shall be notified at once and shall be allowed to visit him at once."

The agreement also provided for the payment by the defendant to the plaintiff of the sum of $250 per month for her support and maintenance during her natural life, subject, however, to certain contingencies, one of them being that " in case of the violation by said wife of her agreements hereunder, then and immediately thereupon the amount to be paid to her by her said husband hereunder shall be reduced to the sum of $75 per month," etc.

The agreement named the summer camp to which the father was to send the boy and also provided that after his return from the camp he was to prepare himself under the defendant's direction for the examinations for entrance to Phillips Academy, Andover, Mass.

The answer also sets up as a separate defense as follows: " that in the month of September, 1917, said son refused to follow defendant's instructions in regard to his education and maintenance by refusing to attend Phillips Academy, at Andover, Mass., at which school defendant had made provision for said education and maintenance and thereupon with the consent and approval of plaintiff, entered a business career, and has since last mentioned date made his home with plaintiff, who in said month assumed his direction and control, and has ever since continued to exercise the direction and control of his maintenance, without defendant's consent;" that " during all the times mentioned in the complaint defendant has been ready and willing to maintain said son in his home under his direction, but that plaintiff, in violation of defendant's rights, has failed and refused to allow him so to do, and she has wrongfully and unlawfully, during said times, deprived defendant of the custody, society, services and earning of said son."

The parties were married in 1900. The separation agreement was made June 27, 1916. There can be no doubt that the father's plan for his son's education was a most commendable one and calculated to be of great value to him.

It appeared upon the trial that in May, 1917, a dispute arose between the parties in which defendant claimed that his wife had breached the separation agreement by interfering with the boy's schooling, as a result of which the defendant paid her only $75 a month by virtue of the provision heretofore quoted. This contention led to litigations between the parties and the defendant eventually paid the plaintiff $250 monthly. During the summer of 1917, while the differences between the parties were acute, the son lived for a considerable portion of the time with his mother, and he sided with her and refused to go to school unless his father would increase her allowance, saying that he would go to work and help support her. The evidence is that the defendant consistently offered to care for his child at his home and to support him.

Upon the trial the testimony of the wife was that she urged the boy to go to school but that he refused to do so. As a matter of fact, the subsequent developments showed that he did not earn enough to pay for his own necessaries, and financially speaking he became a burden upon his mother. She, however, made no demand upon her husband or gave any intimation that she wished him to support the son until December, 1918, a very short time before the commencement of this action, which as heretofore stated was brought to recover necessaries from August 1, 1918, to January 13, 1919. The undisputed evidence is that although the plaintiff stated that she urged the son to go to school, she was not willing to consent to his leaving her and going to the father. The conclusion is inevitable from the evidence that the plaintiff harbored the boy, although she knew that he had deliberately disobeyed the father in refusing to attend school and that it had been agreed that the father was to have the sole charge of the boy's education and maintenance.

The question thus arises whether under the circumstances the defendant was obliged to pay the plaintiff anything for the support of their infant child. There is no doubt that ordinarily a father is responsible for the maintenance and education of his children until they reach their majority.

Under the Domestic Relations Law the rights of the husband and wife to the custody of their infant children are equal. It is, of course, lamentable that the lad should have, been confronted with a situation, which is not surprising when parents live in a state of separation. But the plaintiff refused to yield up the right of the custody for any portion of the time to the father. Despite her agreement with the defendant that he have the sole decision as to the education of the child, she in effect upheld the son in his disobedience toward the father. A wife may in her own name recover moneys expended by her for the necessaries of the infant child where the father has deserted her and the child and has refused to contribute to their support. She is in that respect in the same situation as a third party would be who sues for necessaries furnished a minor because of the unjustifiable neglect or refusal of the father to provide for his child. (*De Brauwere* v. *De Brauwere,* 203 N. Y. 460.) It is also the rule that where the wife refuses to permit the husband to have the custody of the child and to control his education, where the character of the father is not assailed, as it has not been in this case, the husband will not be liable to the wife for the support of the child. (*People* v. *Reubens,* 92 N. Y. Supp. 121; *Baldwin* v. *Foster,* 138 Mass. 449.)

It is well settled that where a child voluntarily abandons the

parent's home " for the purpose of seeking its fortune in the world, or to avoid parental discipline and restraint, he forfeits the claim to support and the parent is under no obligation to pay therefor." Where a child " has resided with relatives who have voluntarily supported it and demanded neither payment for its support nor that the parent take it back or provide for it elsewhere, such persons cannot recover from the parent for past support of the child." (29 Cyc. 1609, 1610.)

The plaintiff's counsel relies upon *Dixon* v. *Chapman* (56 App. Div. 542) from which he excerpts the following, in support of his contention: " It is a general rule that if a husband living separate from his wife suffers his children to reside with their mother, he is liable for necessaries furnished for them on her contracts, for as a father he has the right to the custody of the children, and may, in a proper case, obtain possession of their persons by habeas corpus; and where he does not assert that right, but suffers them to remain with their mother, he thereby constitutes her his agent to procure necessaries for them.   (15 Am. & Eng. Ency. of Law [2d ed.], 891.) "

It is to be observed, however, that in that case the action was brought by a physician to recover for medical services rendered to the infant child of the defendant.   The court decided in favor of the plaintiff upon the ground that at the time of the rendition of the services the doctor was not chargeable with constructive notice that the parents of the child were living separate and apart from each other.   Moreover, it there appeared that the defendant did not interpose the defense of a separation between himself and his wife and that he had made ample provision for the support of his wife and family.   Besides, the father in that case having suffered the child to remain with the mother and having failed to assert his right to its custody by habeas corpus, a situation was created which justified a third party in believing that the wife was authorized by him to procure the necessaries for its support.   Where the husband is held liable by a third party for supplying necessaries to a child who is living with the mother, it is upon the theory of agency. This is in accordance with the well-recognized rule stated in Parsons on Contracts (Vol. 1 [9th ed.], p. 307) that where the parents are separated and " the father permits the mother to take the children with her, then the father constitutes the mother his agent to provide for his children and is bound by her contract for necessaries for them."   Of course, this rule can have no application in a suit brought by the mother herself to recover necessaries in a case where she is fully cognizant of the conditions under which they are living, where she had agreed with her husband that he was to have sole

27

charge of the education of their son, and where he asked for the custody of the child and the right to enjoy his society and to discipline him and where he was willing and able to contribute for his support.

The judgment should be reversed and the complaint dismissed.

CLARKE, P. J., SMITH and PAGE, JJ., concur; DOWLING, J., dissents.

Judgment reversed and complaint dismissed. Settle order on notice.