MINNA G. HASKELL, Respondent, *v.* WILLIAM S. HASKELL, Appellant.

First Department, January 25, 1924.

**Husband and wife — action by wife to recover payment under separation agreement — res judicata — prior judgment in action by wife to recover money advanced by her for necessaries for infant son of parties, denying relief on ground that wife violated agreement, is res judicata.**

A judgment in an action by a wife to recover moneys alleged to have been advanced by her for necessaries for the infant son of the parties in which the wife was denied relief on the ground that she had violated the separation agreement made by the parties, in that she had harbored the son who, by the terms of the agreement was to be under the control of the father for purposes of education, although she knew that he had deliberately disobeyed the father by refusing to attend school, is *res judicata* in this action by the wife to recover monthly payments agreed upon in the separation agreement, and the complaint herein is dismissed.

SMITH and MERRELL, JJ., dissent, with opinion.

APPEAL by the defendant, William S. Haskell, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of

New York on the 10th day of May, 1923, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, in favor of the plaintiff, with notice of intention to bring up for review the said judgment, and also an order of the said Municipal Court entered in the office of the clerk of said court on the 19th day of December, 1922, denying the defendant's application for a stay.

*William L. Kiefer* [*Francis G. Caffey* of counsel], for the appellant.

*Samson Selig* [*I. Maurice Wormser* of counsel; *Samson Selig* and *Leonard Acker* with him on the brief], for the respondent.

DOWLING, J.:

I dissented from the prior action of this court reversing a judgment in favor of the present plaintiff in an action brought by her to recover moneys alleged to have been advanced by her for necessaries for the infant son of the parties. This court reversed the judgment and dismissed the complaint upon an opinion by Mr. Justice GREENBAUM (201 App. Div. 414), wherein the refusal to allow the plaintiff to recover was placed directly upon the conclusion, stated to be inevitable from the evidence, that plaintiff harbored the boy although she knew he had deliberately disobeyed the father by refusing to attend school, and that it had been agreed that the father was to have the sole charge of the boy's education and maintenance. Mr. Justice GREENBAUM there stated the question to be whether under the circumstances the defendant was obliged to pay the plaintiff anything for the support of their infant child. He reached the conclusion that the action of the present plaintiff in harboring the boy when she knew he had refused to attend the school selected by the father was a violation of the terms of the separation agreement between the parties, and, therefore, the defendant was held not to be indebted to the plaintiff, and the complaint was dismissed. The judgment of the court to that effect, embracing findings of the facts before referred to, was affirmed by the Court of Appeals without opinion (236 N. Y. 635).

I feel, therefore, bound by the prior judgment of this court and of the Court of Appeals and, despite my prior dissent, am constrained to vote to reverse the determination here appealed from and the judgment of the Municipal Court, and to dismiss the complaint.

CLARKE, P. J., and McAVOY, J., vote for reversal and to dismiss the complaint on the authority of *Haskell* v. *Haskell* (201 App. Div. 414); SMITH and MERRELL, JJ., dissent.

SMITH, J. (dissenting):

The plaintiff and defendant were married and they separated. By the agreement of separation it was provided that the defendant should pay to the plaintiff $250 per month. It was then provided that if she should violate any of the covenants thereunder, the amount to be paid to her should be $75 per month, instead of $250 per month. It is claimed by the defendant that she has violated the covenants of the separation agreement by harboring the son of the parties. The provisions as to the son are substantially as follows: That he should be supported, educated and maintained by and under the sole direction of the said husband and at his expense, without any interference on the part of said wife; that he should go before July 1, 1916, to Camp Wonposet, at Bantom Lake, Conn., and remain there until the closing of said camp in the early part of September, 1916, and that during said period, or immediately after his return from said camp, the son should prepare himself, under the defendant's direction, for the examinations for entrance to Phillips Academy, Andover, Mass., and that he was to take the examinations on September 12, 1916, at Andover, Mass., and if admitted to the same on taking the examination to continue there preparing for college. The agreement then recited: " That on the termination of his preparatory course, or if upon the written consent of said husband he discontinues the said course, upon said discontinuance, then said wife may have his custody and control, if said boy so elects, with the right to said husband at reasonable times to have said boy visit him and said boy shall at reasonable times visit him and said husband shall have the right at reasonable times to see said boy. Said boy shall, at the option of said husband, during the summers attend said summer camp from about the middle of June to the closing of said camp early in September following, but in case upon the written consent of said husband he shall not attend said camp, said wife shall, at her option, have his control and custody with the right to said husband to have said boy visit him at reasonable times and with the right of said husband to see said boy at reasonable times. That said husband shall, at his option, have the right to have said boy enter college at the close of his preparatory course. That during the school and college courses said boy shall not leave said school or said college, except during his vacations, to visit or see said wife, without said husband's written consent, and it is agreed that said wife shall not interfere in any way with the education of said boy, but said wife shall have the right to write to said boy, to receive letters from him, and to correspond with him without any inspection at the said

school or elsewhere. If the boy is taken ill the said wife shall be notified at once and shall be allowed to visit him at once. That during school and college vacations, unless said boy goes to summer camp as above provided, said wife shall have, at her option, the custody and control of said boy with the right, however, to said husband, to have said boy at reasonable times visit him and with the right to said husband at reasonable times to see said boy."

The boy went to Phillips Academy. By reason of the refusal of the father to pay the mother the full amount due her, he came home and refused absolutely to go back to school. The mother tried to induce him to go back to school, and in no way consented to his leaving the school. The boy offered to go back to school provided his father would furnish his mother with the amount of money he agreed to furnish her. His father told him he would not and that it was none of his business. The mother thereafter harbored the boy. The boy went into business and is now in business as far as the papers show. His desire is plainly to go with his mother and live with her and aid in her support. After he had lived with the plaintiff a certain time she brought an action in the Supreme Court to recover the money that she had expended for his support. She recovered a judgment which was reversed by this court.

She now brings this action to recover the regular installments of $250 a month, to which she claims to be entitled under the contract, and which defendant has refused to pay. The defendant has refused on several grounds. That, first, she has violated the provisions of the agreement. One covenant which the defendant claims the plaintiff has violated is as follows: " Said wife agrees that she will not sue him in any court in the State of New York, or suffer him to be sued in any court of the State of New York, for living separate and apart from her and that she will not claim any property now in his possession or under his control and that she will not make any claim of any kind or nature which she may now have or which she may contingently or otherwise have in the future against him, or bring or suffer to be brought any suits in the State of New York to enforce such claims, except to enforce the provisions of this agreement  *   *   *."

The claim is that her bringing of a suit against him for the moneys which she expended to maintain this son was a violation of that part of the agreement. In *Winter* v. *Winter* (191 N. Y. 462) it is said: " A wife is now permitted to contract with the freedom of a *feme sole* and by the express command of the Legislature she can at last contract even with her husband the same as if they were unmarried, except that they cannot alter or dissolve the

marriage and she cannot release him from his obligation to support her." (See Dom. Rel. Law, § 51.)

In my judgment the agreement to refrain from bringing any action in the future which she may have against him is against public policy. It amounts to a release of her right to his support and unlawfully deprives the court of jurisdiction. Seventy-five dollars a month is clearly insufficient for her support in the city of New York in their position and condition in life. He himself has named the amount of $250 a month as suitable support. This, I think, is in the nature of a forfeiture and against public policy, and not permitted by statute, so that the action brought by her to recover these moneys for the boy's support, which she honestly believed were due to her, although unsuccessful, was not a breach of the condition of a valid part of the marriage separation agreement.

Another ground of defense is that the plaintiff by adjudication has violated her contract with the defendant, and, under the contract itself, if she violated any part thereof, her allowance was to be reduced from $250 per month to $75 per month. This defense is claimed to be supported both by the evidence and upon a former decree of this court, which is alleged as *res adjudicata*, that she had violated her contract. As a matter of evidence the defense is not good. The mother in no way consented to the boy leaving the school. She endeavored to get him to return, and, instead of interfering with the boy's schooling, she *actually assisted* the father in his effort to have the boy return to school.

There is no provision in the contract as to who shall have the custody of this boy in case he should willfully refuse to remain in school, or refuse to accept the support offered by the father, as was contemplated in the contract itself. After his schooling his custody was given to the mother if the boy so elect, the mother so wishing. The provision in the contract giving to the husband the right to support, educate and maintain the son is not a provision as to the custody of the son before his education is finished, provided the son should willfully, whether with or without excuse, refuse to accept the education or support that the father offered. The right to support and maintain the son is the right to pay therefor at the place selected by the father for his support, and if the son refuses his support at the place selected by the father, he incurs no liability for that support, furnished either by the mother or any other person. The boy did refuse to return to the father and thus relieved the father of the obligation to support the son. That was the only issue that was necessary to be decided in the former action, where she was suing for the moneys she advanced for the support of the son. The mother refused to consent

that the boy reside with the father and did harbor him and support him. He made no demand for his custody. But, where the provision is silent as to the custody of the son in case the son shall willfully refuse support or maintenance at the place named by the father, the mother, with equal rights to the custody of the son, has the absolute right to harbor him, so long only as the fact of her harboring the son was not an effective interference with the father's right to educate, support and maintain the son. (See Dom. Rel. Law, §§ 70, 81; Laws of 1923, chap. 235, since amdg. said § 70.)

In the former case judgment went for the plaintiff in the trial court. On appeal to this court that judgment was reversed (201 App. Div. 414) and new findings made. In the original findings it was found that the plaintiff refused to yield up the right of the boy's education and custody for any portion of the time to the father. That would constitute a breach of the contract. But those findings were resettled by this court and all that was found was that the plaintiff harbored the boy when she knew he refused to attend school and prepare for college and be educated as the father might and did order and direct the boy to be educated. Those resettled findings by this court upon the former appeal are very significant. They indicate the extent of the adjudication then made. The order of resettlement has been affirmed by the Court of Appeals. The order struck out the finding first made, that the plaintiff refused to yield up the right of the boy's education for a portion of the time to the father. It appears in this case that the mother did actually endeavor to get the boy to go back to school and be educated as the father desired, but the boy absolutely refused to do so unless the father would pay to the mother the amounts due to her under the agreement, which the father refused to do in violation of his agreement, telling the son that it was none of his business. The court afterwards compelled such payment.

If my view of the law is right, that the contract makes no provision in case the son refuse to accept the education or support that the father provided, without the mother's intervention, the mother has an equal right under the statute to the custody of the son. The refusal of the boy to accept the support and maintenance that the father provided would only release the father from liability for that support and maintenance, and the mother harboring the son after he had so refused would not be in any way a violation of the agreement upon her part so as to forfeit her right to the allowance of $250, as provided in the agreement of separation. The interpretation of these agreements should be

reasonable, and how a mother could do otherwise under the facts in this case is incomprehensible.

That the judgment is only *res adjudicata* upon the matters necessarily involved in the former litigation is settled law, both in New York and other States, as indicated in 15 Ruling Case Law (p. 980) and cases there cited, and the provision in the agreement for the custody of the child by his mother, in case he should leave his school by permission, and the custody after his education is finished is a matter left to his discretion and the mother's option, and from the record his desire is shown to live with the mother rather than with the father.

These provisions of the agreement are significant in interpreting the clause in the contract giving to the father, not the custody, but the sole right to support and maintain the son. By the judgment of the trial court in this action, for the plaintiff, all questions of fact are presumptively found in plaintiff's favor.

The determination of the Appellate Term should, therefore, be affirmed, with costs.

MERRELL, J., concurs.

Determination of the Appellate Term and judgment of the Municipal Court reversed and complaint dismissed.