JOHN ROBINSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed Jan. 6, 1916.

1. Intelligence, and not age, is the proper test by which competency of an infant witness should be determined, and where the witness shows an appreciation of the nature and obligation of an oath, competency to testify appears.

2. A cause should not be reversed for insufficiency of the evidence where other competent evidence is sufficient to sustain the verdict, though a child's testimony be admitted, which if incompetent could not reasonaby have influenced the jury.

3. It was not error for the State Attorney to interrupt defendant's counsel to state to the jury that "in this case you can find the defendant guilty of murder in the first degree, or you can acquit him entirely," where the indictment was found more than two years after the homicide was committed, so as to bar a conviction except for a capital offense, and where

the interruption did not deprive defendant's counsel of an opportunity to reply, and the statement could not have prejudiced the jury in view of the evidence and the charges given.

4. A defendant in a criminal case cannot avail himself of an error in a charge given by the trial court where the same error is embraced in instructions requested by him and given by the court.

5. Judgment will not be reversed for erroneous charges as to the lesser degrees of homicide where the jury found the defendant guilty of murder in 'the first degree and the charges could not reasonably, have misled the jury.

6. A judgment shoud not be reversed or new trial granted for error of procedure unless it shall appear from an examination of the entire cause that the error has injuriously affected the substantial rights of the complaining party.

7. A judgment will not be reversed in appellate proceedings on the ground that the evidence is insufficient to support the verdict, where there is sufficient evidence to sustain the verdict, and it does not appear that the jury were not governed by the evidence in making their finding.

Writ of error to Circuit Court, Volusia ·County; Jas. W. Perkins, Judge.

Judgment affirmed.

*Tom B. Stewart* and *J. P. Simmons,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—On April 10, 1913, John Robinson was indicted for a murder alleged to have been committed October 19, 1910. He was tried in April, 1915, and convicted of murder in the first degree with a recommendation to mercy. Under the statute the sentence was life imprisonment. On writ of error it is argued that error was committed in allowing a child witness to testify, in permitting the State Attorney to state and in not striking the statement to the jury that because the indictment was not found within two years after the alleged homicide, the jury "can find the defendant guilty of murder in the first degree or acquit him entirely," and in denying a new trial upon grounds of erroneous charges and the insufficiency of the evidence.

The child witness who was objected to because of her youth was about nine years old at the trial in April, 1915. In October, 1910, when the homicide occurred she was about four and one half years of age. On examination as to her qualification she stated that she had attended school and could read in a primer; that holding up her hand in taking an oath means "don't tell no tale;" that if she does not tell the truth "the devil will catch me;" that it is not right to tell a lie; that she lives in Orange City, but does not know the county or State; that she had been to church, but not to Sunday School, and had never heard of the Bible. Her testimony on examination as to her qualifications and as to what she saw at the homicide indicated intelligence and appreciation of the duty to tell the truth; and it cannot be said that the trial judge who saw and heard the witness, abused his judicial discretion in receiving her testimony as to the homicide. Intelligence, and not age, is the proper test by which the competency of an infant witness should be

determined.    Where the witness shows an appreciation of the nature and, obligation of an oath, her competency to testify appears.    See Griffin v. State, 48 Fla. 42, 37 South. Rep. 209; Clinton v. State, 53 Fla. 98, 43 South. Rep. 312; Johnson v. State, 64 Fla. 321, 59 South. Rep. 894; State v. Michael, 37 West Va. 565, 16 S. E. Rep. 803, 19 L. R. A. 605; Zunago v. State, 63 Tex. Cr. Rep. 58, 138 S. W. Rep. 713, 29 Ann. Cas. 665; State v. Meyer, 135 Iowa 507, 113 N. W. Rep. 322, 14 Ann. Cas. 1.

There was evidence sufficient to sustain the verdict even if error was committed in admitting the child's testimony.

While counsel for the defendant was making his closing address to the jury the State Attorney interrupted him and stated to the jury that as the offense was committed in October, 1910, and, the indictment was not found till April, 1913, "in this case you can find the defendant guilty of murder in the first degree, or you can acquit him entirely."    The court overruled objections to the interruption and to the statement made to the jury, and the defendant duly excepted to the rulings. The interruption did not deprive counsel for the defendant of an opportunity to reply and the statement made could not have unduly influenced the jury to the defendant's harm in view of the evidence and the charges given.

The court in several charges instructed the jury that before they could find the defendant guilty of stated offenses less than murder in the first degree, they must find, that the offense was committed within two years immediately preceding the finding of the indictment.    This charge has no basis in the evidence as to the date of the homicide, but as the court at the request of defendant,

gave a charge that if the jury find under stated circumstances that the defendant was not guilty of murder, they could if stated circumstances be proved, "find him guilty of manslaughter," the defendant cannot obtain a reversal of the judgment of conviction, because of similar errors in charges given by the court of its own motion. A defendant in a criminal case can not avail himself of an error in his own favor, or of an error in a charge given by the trial judge when the same error is embraced in instructions requested by him, and given by the judge. Clemons v. State, 48 Fla. 9, 37 South. Rep. 647. As the jury found the defendant guilty of murder in the first degree, and as there is ample evidence to sustain the finding, and as there was noting in the charges as to a less offense than murder in the first degree that reasonably could have misled the jury, the judgment will not be reversed for erroneous charges as to the lesser offenses. See Marlow v. State, 49 Fla. 7, 38 South. Rep. 653.

Under the Laws of this State a judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors of procedure, unless it shall appear from an examination of the entire cause, that the error has injuriously affected the substantial rights of the complaining party; and a judgment will not be reversed in appellate proceedings on the ground that the evidence is insufficient to support the verdict, where there is substantial legal evidence to sustain the verdict, and it does not appear that the jury were not governed by the evidence in making their finding. Chancey v. State, 68 Fla. 93, 66 South. Rep. 430. The court charged: "The defendant is presumed to be innocent, and such presumption remains and abides with him throughout every stage of the trial, unless and until removed to your satisfaction by com-

petent evidence beyond a reasonable doubt." The use of the word unless in the charge could not have injured the defendant if it may be considered inappropriate.

A requested charge on accidental killing was fully covered by a charge given by the court.

There is evidence legally sufficient to sustain the verdict and as no material or prejudicial errors of procedure are made to appear, the judgment is affirmed.

TAYLOR, C. J. and SHACKLEFORD and ELLIS, JJ. concur.

COCKRELL, J. absent by reason of sickness.;