M. A. TRIPP, *Plaintiff in Error,* v. W. W. WADE, *Defendant in Error.*

Opinion Filed October 27, 1921.

1. Striking a pleading is a severe remedy and should be resorted to only in cases palpably requiring it for the proper administration of justice.

2. Even though there may be technical error in an order striking a pleading, such error will not require a reversal of the judgment if it affirmatively appears that the party whose pleading was stricken was not harmed thereby.

3. Technical error in striking a pleading will not be held to be harmful if it affirmatively appears that the party whose pleading was stricken was permitted to submit his case under other pleadings that gave him all the benefits that he would have had if such pleading had not been stricken.

4. Special pleas tendering an issue covered by a plea of the general issue in a case in which such latter plea is applicable may be stricken upon motion of plaintiff or by the court of its own motion.

5. Where a contract of sale of personal property requires the vendor to deliver the property sold at some fixed time and place where payment of the purchase price therefor is to be made on delivery, title will not pass until delivery and payment are made in accordance with the terms of the contract.

6. The rule is that where in the sale of personal property anything remains to be done before the sale is considered complete, whether by vendor or vendee, as between the parties themselves the title to the property does not pass. *Held*: Applying this rule, that where animals are sold according to weight and under the contract of sale the weight is to be ascertained at some later fixed date upon delivery, title will not pass until the weight is ascertained, payment therefor made and the animals delivered.

7. A plea to a declaration on a contract which attempts to set up a defense to the action that the contract entered into was materially different from the contract sued on amounts in legal effect to no more than a denial of the contract asserted which is available as a defense under the plea that defendant did not promise as alleged.

A Writ of Error to the Circuit Court for Jefferson County; E. C. Love, Judge.

Affirmed.

*W. C. Hodges* and *Fred H. Davis*, for Plaintiff in Error;

*Chas. E. Davis* and *B. J. Hamrick*, for Defendant in Error.

WEST, J.—This action is for damages resulting from an alleged breach of contract by the terms of which the plaintiff, defendant in error here, agreed to purchase and the defendant, plaintiff in error here, agreed to sell and deliver to plaintiff for a fixed price per pound certain hogs, or for return of an amount alleged to have been advanced upon the contract in payment therefor, the hogs never having been delivered nor the amount advanced returned. Demurrer was filed to the declaration which, upon a hearing, was overruled. Thereafter pleas were filed to the declaration, two of which, the second and fourth pleas to the first count, were upon motion stricken. Upon a trial of the case verdict and judgment were for plaintiff to which writ of error was taken from this court.

The declaration contains four counts, the first of which, omitting formal parts, is as follows:

'And now comes the plaintiff W. W. Wade by Chas. E. Davis, his attorney, and sues M. A .Tripp for $1,000.00 for that on the first day of May, A. D. 1917, in the County of Jefferson, State of Florida, plaintiff at the request of the defendant, bargained with the defendant to buy of him, and the defendant then and there sold to the plaintiff a car load of fat hogs at eleven cents per pound, to be delivered

by the defendant at Monticello, Florida, about June the first and after defendant fed the same for thirty days, and the plaintiff then and there advanced to the defendant at his request the sum of Five Hundred Dollars in part payment for said hogs, and any balance that might be due thereon was to be paid by the plaintiff to the defendant on delivery of said hogs as aforesaid; and in consideration thereof, and that the plaintiff had promised the defendant at his request to accept and receive the said hogs and to pay him for same at the price aforesaid, promised the plaintiff to deliver the said hogs to him as aforesaid, and although the time for delivery of the said hogs has elapsed and the plaintiff has always been ready and willing to accept and receive the said hogs, and to pay any balance that might be due for them at the price aforesaid, yet the defendant did not nor would within the time aforesaid or afterward deliver the said hogs or any of them as aforesaid, or return to the plaintiff the Five Hundred Dollars aforesaid, whereby the plaintiff has been deprived of the said sum of Five Hundred Dollars advanced by the defendant as aforesaid, and of his gains and profits which otherwise would have accrued to him from the delivery of the said hogs to him as aforesaid.''

The second, third and fourth are common counts in assumpsit for money lent by the plaintiff to the defendant, for money received by defendant for the use of plaintiff, and for money found to be due from defendant to the plaintiff.

To this declaration defendant filed five pleas, the first of which, a plea of never was indebted as alleged, being interposed to all four of the counts.

The remaining four pleas were to the first count only. The first of these is a plea that defendant never promised

as alleged. The second was stricken. The third denies defendant's failure or refusal to deliver the hogs described as alleged, avers that he was ready, able and willing to deliver the same, but that plaintiff requested him to hold said hogs for him, which defendant did, that while so holding them for plaintiff and at his request said hogs then and there, without any fault or negligence on defendant's part, contracted disease and died, thereby preventing defendant from making delivery, whereby plaintiff sustained the losses alleged. The fourth was stricken.

This court has frequently said that striking a pleading is a severe remedy and should be resorted to only in cases palpably requiring it for the proper administration of justice. Burr v. Hull, 66 Fla. 20, 63 South. Rep. 300; Guggenheimer & Co. v. Davidson, 62 Fla. 490, 56 South. Rep. 801; Southern Home Ins. Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922; Ray v. Williams Phosphate Co. 55 Fla. 723, 46 South. Rep. 158. But even though there may be technical error in an order striking a pleading, it will not be held to be sufficient to require a reversal of the judgment if it affirmatively appears that the party whose pleading was stricken was not harmed thereby and was not prevented from submitting his case to the jury under such a state of pleadings as to give him all the benefits he would have had if such pleading had not been stricken, upon the ground that the error was not harmful. Robinson v. State, 70 Fla. 628, 70 South. Rep. 595; Chancey v. State, 68 Fla. 93, 66 South. Rep. 430; Welles v. Bryant, 68 Fla. 113, 66 South. Rep. 562; J. P. Williams Co. v. Pensacola, St. A., Etc. Co., 57 Fla. 237, 48 South. Rep. 630; Southern Homes Ins. Co. v. Putnal, *supra;* McKay v. Lane, 5 Fla. 268. If, therefore, defendant was entitled to make the same defense to the action under other pleas on file that he would have been entitled to make under the pleas that were stricken,

he is not in a position to successfully contend that the order striking the pleas constituted harmful error. The contention is made in the briefs of counsel for plaintiff that the stricken pleas amounted to no more than the plea of the general issue which was on file and that they tended to embarrass a fair trial of the case. These were the grounds for the motion to strike. That a special plea tendering an issue covered by a plea of the general issue in a case in which such latter plea is applicable may be stricken is well settled in this jurisdiction. It may be done upon motion of plaintiff or by the court of its own motion. Sec. 2630 Revised General Statutes of Florida, 1920; F. E. C. Ry. Co. v. Knowles, 68 Fla. 400, 67 South. Rep. 122; Bell v. Niles, 61 Fla. 114, 55 South. Rep. 392; A. C. L. Ry. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318; Peacock and Hargraves v. Feaster, 51 Fla. 269, 40 South. Rep. 74; Hubbard and Hood v. Anderson, 50 Fla. 219, 39 South. Rep. 107; Little v. Bradley, 43 Fla. 402, 31 South. Rep. 342; Camp & Bros. v. Hall, 39 Fla. 535, 22 South. Rep. 792; Parkhurst v Stone and Gove, 36 Fla. 456, 18 South. Rep. 594; Buesing v. Forbes, 33 Fla. 495, 15 South. Rep. 209; Davis v. Shuler, 14 Fla. 438.

By the second plea to the first count defendant sets up a contract different in its terms from the contract declared upon by plaintiff. It is averred by this plea that it was agreed between plaintiff and defendant that the hogs referred to were to be held by defendant as plaintiff's agent after receipt of the amount of the part payment made by plaintiff when the contract was entered into and that while said hogs so remained in defendant's possession and without any fault on his part they sickened and died, whereas it appears by the contract declared on by plaintiff that delivery of the hogs was to be made by defendant thirty days after the date upon which the contract was made, at

which time they were to be paid for according to weight, and that during this period they were to be fed by defendant. The difference between the two is that under one title would not pass until the hogs had been fed for thirty days, were weighed, paid for and delivered; while under the other title would pass when the contract was entered into. One is executory, the other executed.

If it is a part of the contract of sale that the vendor shall deliver the property sold at some fixed time and place and receive payment on delivery, title will not pass until such delivery. 24 R. C. L. 35; Johnston v. Eichelberger, 13 Fla. 230; Stafford v. Anders, 8 Fla. 34; Hart-Parr Co. v. Finley, 31 N. D. 130, 153 N. W. Rep. 137, Ann. Cas. 1917E, 851; Yockey v. Norn, 101 Mich. 193, 60 N. W. Rep. 685, 26 L. R. A. 145; Lewis v. Ross, 37 Me. 230, 59 Am. Dec. 49; Golder v Ogden, 15 Penn. St. 528, 53 Am. Dec. 618; Rugg v Minett, 11 East 210, 10 Rev. Rep. 475, 23 Eng. Rul. Cas. 295.

The contract averred in the plea is materially different in its legal effect from the contract alleged in the declaration, so that, if upon a trial of the case it had been shown by the evidence that the contract set up in the plea was the contract actually made, there could have been no recovery by plaintiff because of the rule confining and limiting plaintiff to the cause of action alleged in the declaration and forbidding recovery upon any other cause of action however convincing the proof thereof may have been. Mitchell v. Mason, 65 Fla. 208, 61 South. Rep. 579; Goulding Fertilizer Co. v. Johnson, 65 Fla. 195, 61 South. Rep. 441; L. & N. R. R. Co. v. Guyton, 47 Fla. 188, 36 South. Rep. 84; Hinote v. Brigman, 44 Fla. 589, 33 South. Rep. 303; Bucki v. Seitz, 39 Fla. 55, 21 South. Rep. 576; Wilkinson v. P. & A. R. R. Co., 35 Fla. 82, 17 South. Rep. 71.

That the defense attempted to be set up by the plea under consideration, namely, that the contract entered into was materially different from the contract asserted against him, was available to defendant under the plea of general issue, is well settled by the authorities on the theory that an averment by plea of a different contract from the one alleged amounts in legal effect to no more than a denial of the contract asserted by plaintiff. It does not confess the contract alleged and attempt to avoid it. It denies in legal effect only the cause of action alleged. This the plea of the general issue does. 13 Corpue Juris 737; 1 Enc. Pl. & Pr. 818; Rodman v. Guilford, 112 Mass. 405; Simmons v. Green, 35 Ohio St. 104; List & Son Co. v. Chase, 80 Ohio St. 42, 88 N. E. Rep. 120; Dykeman v. Johnson, 83 Ohio St. 126, 93 N. E. Rep. 626; Wilkerson v. Farnham, 82 Mo. 672; Nat'l Cash Register Co. v. Riggs, 50 N. Y. Supp. 35; Sorenson v. Townsend, 77 Neb. 499, 109 N. W. Rep. 749.

No statute or rule of court in this State forbids the application of this principle in this class of cases. The unavoidable conclusion is that there was no error in striking the plea. On the contrary it was the proper and orderly procedure for clarifying the issues presented. There is no bill of exceptions in the case, and this court therefore is not advised of what proof defendant was allowed to offer. Presumably he offered such proof as was material and relevant to the issues made by the pleadings. The verdict was for $500 with interest from June 1, 1917, indicating that the proof sustained plaintiff's theory that the title to the property had not passed at the time of the loss.

The fourth plea, which was stricken, attempted to set up a similar defense variant somewhat in its terms. The principles announced are applicable to the ruling striking

that plea. It is unnecessary to extend this opinion by further consideration of them.

The assignments based upon the order overruling defendant's motion for new trial do not require discussion. It is sufficient to say that reversible error is not made to appear by such assignments.

From what has been said it follows that the judgment must be affirmed.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.