FRED C. MILLER and GEORGE A. BURRIS and R. L. BLACK, doing business under the name and style of R. L. BLACK & COMPANY, *Appellants,* v. DEWEY GRIFFIN, ENDEKA GRIFFIN ALTMAN, by her husband and next friend HARVEY ALTMAN, and THELMA GRIFFIN LEE, by her husband and next friend, OWEN LEE, *Appellees.*

Division A.

Opinion filed May 3, 1930.

978

*F. Y. Smith, Thomas W. Fielding* and *J. C. Adkins*, for Appellants;

*J. L. Frazee*, for Appellees.

ELLIS, J.—In November, 1925, Dewey Griffin, Endeka Griffin Altman, by her husband and next friend, Harvey Altman, and Thelma Griffin Lee, by her husband and next friend, Owen Lee, all citizens of Bradford County, exhibited their bill in the circuit court for that county against Fred C. Miller and George A. Burris and R. L. Black, doing business under the name and style of R. L. Black and Company.

The bill was for the partition of certain lands described in the bill and lying in Township 4 South, Range 22 East, in Bradford County and said. to contain 7,345.47 acres. The complainants claim an undivided one-fourth interest in the land as the only heirs at law of J. A. Griffin, deceased, who died August 18, 1905, seized and possessed of such interest in the land. The bill alleges that R. L. Black acquired an undivided three-fourths interest in the land after the death of Griffin and conveyed it to Fred C. Miller and George A. Burris, who executed to Black a mortgage on the land to secure the unpaid balance of the purchase price. That balance is alleged to be $74,824.72 on the purchase price of Black's interest.

It is alleged that the lands are "wild lands" and unoccupied and in the actual possession of no one, but at the time of Griffin's death the lands were in his actual possession and that of his co-tenants and were being farmed by

him in the manufacture of turpentine and naval stores. The bill alleges that the complainants own a one-fourth interest and the defendants, Miller and Burris, own a three-fourths interest.

The bill concluded with appropriate prayers for the relief sought.

The defendants, Miller and Burris, answered denying the interest of the complainants and averring that J. A. Griffin more than seven years prior to his death had "abandoned and forfeited any and all claim" to the lands and had not been in possession of them for more than seven years prior to the time of his death. Other material allegations of the bill were denied. In an amended answer it was averred that on October 31, 1905, R. L. Black and J. B. Padgett acquired the fee simple title to the lands and since that time Miller and Burris have held the title.

The bill was amended in June, 1926, alleging that on November 9, 1905, after Griffin's death, Black and Padgett obtained a deed from D. M. Garnto as commissioner attempting to convey the complainants' interest in the land which they had inherited from their father. It is alleged that the deed was null and void and that Black nearly twenty years afterwards, in April, 1925, conveyed to Miller and Burris. According to the dates set out in the bill, Black and Padgett acquired the interests of the complainants three months after the death of their father when they were infants; Dewey Griffin was seven years old, Endeka Griffin Altman was four years of age and Thelma Griffin Lee about four days old.

Black answered that he obtained the deed from Gornto as commissioner, immediately went into possession of the land and had continuously since that time held possession of it. It is averred that O. J. and W. J. Griffin were appointed administrators of the estate of J. A. Griffin, de-

ceased, on September 12, 1905, applied by petition to the county judge for leave to sell the land setting forth the price which could be obtained for it, that Gornto was appointed commissioner to sell it and that he did sell it at private sale to Black and Padgett; that the county judge directed a deed of conveyance to be made which was done. A demurrer was incorporated to the bill in the answer. Miller and Burris also answered the bill as amended setting up the same defense. Thereupon the complainants again amended their bill in which it was alleged that Black and Padgett acquired after the death of Griffin a three-fourths interest in the land by purchase from those who were his co-tenants, by which transaction he became a co-tenant with complainants who had inherited their father's interest. After taking possession of the land he then sought to acquire the interest of complainants in the manner set out in the answer. The reasons are set forth in the amendment why the deed from the commissioner, Gornto, was invalid. It is urged that lands of a decedent were not assets in the hands of the administrator and that the complainants were at the time of the commissioner's deed infants in the custody and under the guardianship of their mother and that the deed of the commissioner was void. It is also alleged that Black and Padgett abandoned the possession of the lands many years before and the same were unoccupied and vacant until April, 1925, when Black and the widow of Padgett conveyed to Miller and Burris.

Demurrers, to the bill as last amended, interposed by Black and Miller and Burris were overruled and defendants were allowed further time to answer.

The defendants answered that on the 28th day of April, 1927, which was about a year and a half after the bill for partition was filed, R. L. Black, Carrie W. Padgett, widow of J. B. Padgett, and the surviving daughters and sons

of Padgett setting out their names, and Miller and Burris and Elmira-Florida Investment Company filed their bill in the District Court of the United States for the Southern District of Florida against Dewey Griffin, Thelma Griffin Lee and her husband, Endeka Griffin Altman and her husband, all citizens of Georgia, to restrain the defendants from asserting title to the lands described in the bill and that the title thereto be quieted. It is averred that the Federal Court assumed jurisdiction of the parties and subject matter and on the 12th day of August, 1927, entered its decree declaring the equities to be with the complainants and quieting the title to the land described in the decree, which is not an exact description of the lands sought to be partitioned, and certain other lands located in Baker and Clay Counties and enjoining the defendants from asserting or claiming any title or interest in the lands.

Complainants moved to strike the answers upon the ground that the answers constituted no defense to the bill for partition because the State court in which the suit for partition had been begun had taken jurisdiction of the parties and subject matter of the litigation and that there was no prayer in the bill filed in the Federal Court that the complainants in the cause pending in the State Court should be enjoined from prosecuting their suit. The motion to strike was granted and the answers were stricken. The order was made on December 23, 1927, to which an appeal to this Court was taken as well as to the order over-ruling the demurrers to the amended bill of complaint.

The first question presented by the appellants in the brief filed is whether the court erred in striking the answer setting up the final decree of the Federal Court quieting the title of the appellants to the land and enjoining the

complainants in this cause from asserting or claiming any title to the lands.

The decree described the lands by sections, township and range according to United States Survey which sufficiently described the property as being located in Bradford County. See Black v. Skinner Mfg. Co., 53 Fla. 1090, 43 So. R. 919; Peacock v. Feaster, 52 Fla. 565, 42 So. R. 889.

The remaining point in question then is whether the decree of the Federal Court as set up in the answer constituted a complete defense to the bill or was it sufficient for any purpose and not wholly irrelevant. Guggenheimer & Co. v. Davidson, 62 Fla. 490, 56 So. R. 801; Tripp v. Wade, 82 Fla. 325, text 329, 89 So. R. 870; Lightsey v. Butts, 89 Fla. 185, text 187, 104 So. R. 852.

If the Federal Court in entertaining jurisdiction of the suit by Black and others against Dewey Griffin and others ousted the State Circuit Court of its jurisdiction in the case at bar the answer was a good defense and should not have been stricken; if it did not, then the answer was no defense because the decree of the Federal Court based upon a violation of the rule of comity between the sovereignties which gives to the court first taking and having jurisdiction of the parties, the subject matter, and control and dominion of the property, exclusive control of the property sought to be subjected, is without effect to control the judgment of that court or in any manner affect its decree.

"The rule  *  *  *  simply demands as a matter of necessity, and therefore of comity, that when the object of the action requires the control and dominion of the property involved in the litigation, that court which first acquires possession, or *that dominion which is equivalent,* draws to itself the exclusive right to dispose of it, for the purposes

of its jurisdiction.'' See 7 R. C. L. p. 1068; Young v. Hamilton, 135 Ga. 339, 69 So. E. R. 593, Ann. Cas. 1912A 144, 31 L. R. A. (N. S.) 1057; Covell Heyman, 111 U. S. 176, 28 L. Ed. 390; Heidritter v. Elizabeth Oil Cloth Co., 112 U. S. 294, 28 L. Ed. 729, 5 Sup. Ct. R. 135; Rickey Land Co. v. Miller, 218 U. S. 258, 31 Sup. Ct. R. 11, 54 L. Ed. 1032, see also 15 C. J. 1161.

It is a fixed rule of the federal court never to take jurisdiction of a case which presents the same issues and seeks the same relief as a case pending in a State court having concurrent jurisdiction. See State Trust Co. v. National Land Imp. Co., 72 Fed. R. 575; Gates v. Bucki, 53 Fed. R. 961, 4 C. C. A. 116.

It is not a question of supremacy of one tribunal over another nor superiority of rank of the respective claims in behalf of which the conflicting jurisdictions are invoked. See Heidritter v. Elizabeth Oil Cloth Co., *supra*. See also O'Neil v. Welch, 245 Fed. R. 261.

The rule rests upon a policy observed by the two sovereignties that where the two courts have concurrent jurisdiction in the sense that each has the same jurisdiction, the jurisdiction of both shall not be concurrently invoked and exercised. The rule is well settled. Therefore whenever a controversy arises upon this question it is not the general rule or policy of the law which is in dispute, but as in this case whether under the circumstances the jurisdiction of the State Court in fact attached so as to give it exclusive control of the property sought to be subjected. Whether the State Court had that dominion of the property which is equivalent to possession is therefore the turning point of this controversy.

The suit of the Griffins against Black and others was for partition of the land. It is a proceeding in the nature of a proceeding *in rem* in that the court deals only

with the *res.* See 20 R. C. L. 727. Its object is the partition of lands between common owners thereof. Yet as the court takes jurisdiction it will proceed to determine all controversies between the parties as to legal title and right of possession. Koon v. Koon, 55 Fla. 834, 46 So. R. 633; Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 So. R. 722; Girtman v. Starbuck, 48 Fla. 265, 37 So. R. 731; Ellis v. Everett, 79 Fla. 493, 84 So. R. 617; Dallam v. Sanchez, 56 Fla. 779, 47 So. R. 871.

A consolidation of suits for partition and to quiet title is not improper where the parties and subject matter are the same. See Terra Ceia Estates v. Taylor, 68 Fla. 261, 67 So. R. 169.

The nature of a suit for partition is such that while it cannot be used as a substitute to try title to lands, dominion and control of the lands is essential to the enforcement of the decree which deals only with the lands.

The proceeding in the federal court, while it sought an injunction to restrain the Griffins from pursuing their claim, its main purpose was to quiet title to the lands involved in the bill which were the same as those involved in the suit at bar. So far as the Bradford County land was involved the basis of the suit in the Federal Court was the same deed of the Commissioner based upon the same proceedings as constituted the answer to the seconded amended bill and set out more fully in the last amended bill, demurrers to which were overruled.

The case of Wade v. Clower, 94 Fla. 817, 114 So. R. 548, is not in conflict with the views expressed herein in relation to the rule as applicable to the conflict of jurisdiction. In the Wade case both suits were in personam. The relief sought was a partnership settlement and accounting. It was a proceeding in personam. The State court had not proceeded to take possession or control of any

specific property. If the State court had in the exercise of its jurisdiction acquired control of any specific property which was one of the objects of the suit in the federal court to subject to its judgment, while the latter suit could not have been stayed and might have proceeded as far as may be without creating a conflict concerning possession of the property, it would then have been proper to stay proceedings until the proceedings in the State court were completed or time for their termination had elapsed. See McClellan v. Carland, 187 Fed. R. 915, 110 C. C. A. 49.

The lands in Bradford County constituted the only portion of the subject matter of the suit in the Federal court which the State court had not seized nor actually taken into its custody, but had nevertheless brought into its dominion and control for the purpose of dividing between the parties according to their respective interests. The decree would operate only upon the land. The State court by the issue and service of process in a suit to divide and set apart to each owner his share of certain lands, a suit in which it was necessary for the execution of its decree for the court to take possession or control of the land to divide it if practicable or if not to sell it and divide the proceeds according to the share of each owner, thus acquired jurisdiction of the specific property as effectively as if a master or a receiver of the court had been appointed to take corporal possession of it, which he would have done in theory only.

The state court first acquired jurisdiction of the specific property by the issue and service of process, the appearance and pleading of the parties in a suit to divide or partition the land, a suit which in subsequent proceedings it would be necessary if the complainants' claim should be established, to take possession and control of the land. In such case we think the State court was entitled to retain

that jurisdiction to the end without any interference by any court of co-ordinate power. See Williams v. Neeley, 67 C. C. A. 171, 134 Fed. R. 1, 69 L. R. A. 232; Gates v. Bucki, *supra*.

We do not agree with counsel in the able argument presented in their brief for the appellant, although we do admit the cogency of it. With clearness and precision they reduce the question to its elements and present to us the simple and basic query whether a suit for partition is such an one as in which it may be said within the meaning of the rule that the court by the issuing and service of the process acquires "dominion" over the property involved. We answer that question in the affirmative.

There was no error in overruling the demurrer to the bill as amended. The allegations of fact showing the imperfections of the Commissioner's deed are sufficient to invalidate it in the absence of other facts showing the jurisdiction of the court. The rule exists that one claiming the title to property under the proceedings of a court of inferior or special and limited jurisdiction must establish the fact of such jurisdiction by averring and proving the facts upon which such power was exercised. 7 R. C. L. 974.

The decrees and order of the chancellor are affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.