GREGG MAXCY, INC., v SOPHRONIA C. BATEMAN, *et vir.*

171 So. 811.
Division B.
Opinion Filed January 4, 1937.

*W. W. Whitehurst,* for Plaintiff in Error;

*Leitner & Leitner,* for Defendant in Error.

PER CURIAM.—In this case plaintiff in error bought a crop of citrus fruit from defendants in error. The contract was in the following language:

"This Contract, Made and entered into this 22nd day of August, 1932, between Sophronia C. Bateman and W. W. Bateman, her husband, of the City of Wauchula, County of Hardee, State of Florida, parties of the first part, and GREGG MAXCY, INC., of City of Sebring, County of Highlands, State of Florida, party of the second part.

"Witnesseth, that the party of the first part has this day sold to the party of the second part all marketable oranges and tangerines on the trees in the groves known as the Bateman Grove described as follows:

"SW¼ of the SE¼ and the SE¼ of the SW¼ in Section 25, Township 34, Range 24, Hardee County, State of Florida.

"Said fruit for the seasons of 1932-1933 and 1933-34 to be purchased by GREGG MAXCY, INC., at seventy-five cents (75 cents) per standard field box, on trees. In considera-

tion of $300.00 amount acknowledged by party of the first part balance to be paid when and as fruit is picked, it is further agreed that all moneys over seventy-five cents (75 cents) per box net, above all expense handling and brokerage is to be credited to former account of W. W. Bateman. It is agreed by party of the first part that $300.00 is acknowledged on above fruit, as first payment. WITNESS the hands and seals of the GROWERS and the corporate name and seal of the BROKER the day and date aforesaid."

The purchaser failed to gather a part of the citrus fruit purchased, and, as is alleged in the declaration, the purchaser instead of using "standard field boxes" for the gathering of the fruit used what is called Jumbo boxes, which it is alleged held ten per cent. (10%) more fruit than the "standard field box" and the sellers alleged that by reason of using the box known as the Jumbo box instead of the standard field box, the purchaser took 240 standard field boxes more fruit than was accounted for and owed the seller $180.00 for that fruit as well as for 800 boxes of fruit which the seller alleged were left on the trees unpicked and unpaid for.

The contract in this case, except for the fact that there is not in this contract a specific time limit in which the fruit was to be gathered and packed, is not materially different from the contract which we had under consideration in the case of Metcalf v. Keene & Co., 122 Fla. 27, 164 Sou. 704. That contract was held to be an indivisible one and was held to bind the purchaser to take the entire crop of fruit at the price named in the contract. In that case Mr. Presiding Justice ELLIS, concurring, said:

"The title to the fruit was in the purchaser from the date of the contract. It was his duty to remove it when it became merchantable. As it became merchantable the seller

was entitled to receive a certain price per box for it. The contract did not secure to the purchaser the right to allow any fruit to become overripe and spoil so as not to be merchantable merely because the contract placed a limit of time upon him within which he should remove it. The reason for the. limitation of time is apparent. It secured payment to the seller for all merchantable fruit within a definite time limit, and the prevention of possible infection of his grove by overripe, decaying and falling fruit."

The ·real contention here is. that the title to the citrus fruit which was the subject matter of the contract did not pass from the seller to the purchaser before the purchaser took possession of the fruit.

Under authority of the opinion and judgment in the case of Metcalf v. Keene & Co., *supra,* the Circuit Judge was correct in holding that the title did pass and in effect that the purchaser was bound to take and pay for the fruit and that the seller was entitled to enforce payment from the purchaser of that fruit contemplated in the contract which was not picked and paid for within a reasonable time and when under prevailing practice in regard to such matters the fruit should have been picked, packed and shipped.

It follows that charges complained of were properly given and that charges requested and denied were properly denied. So the judgment should be affirmed.

So ordered.

Affirmed.

· ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the Opinion and Judgment.

BROWN, J., dissents.

BROWN, J. (dissenting).—Unless the contract between the parties contemplates otherwise, the general rule prevails.

That rule, briefly stated, is that title does not pass before actual delivery so long as something remains to be done as between the seller and buyer for the purpose of ascertaining the quality, quantity or price of the subject matter. See 55 C. J. 532-536, 948, 413; 24 R. C. L. 20-39; Tripp v. Wade, 89 So. 870, 82 Fla. 325; McCampbell Furniture Stores, 158 So. 283, 117 Fla. 351. The case of Metcalfe v. Keene, 122 Fla. 27, 164 So. 704, is not exactly in point here.

The contract here was for the sale and purchase of "marketable" fruit, to be paid for when and as picked.