HORTON, Chief Judge.
The defendant appeals from a conviction and sentence of one year imposed pursuant to an adjudication of guilt upon the charge of making a lewd, lascivious and indecent assault against a seven-year old child. The points raised on appeal question the actions of .the trial judge in determining the competency of the child to testify, as a witness, and his adjudication of the appellant’s guilt upon the child’s unsupported testimony.
The alleged victim was the principal witness upon whom the prosecution’s case rested. The defendant raised the objection as to her competency to testify, and the question of the court’s examination as to *530 her qualification as a witness. After being sworn, the child was asked her name, age, school, and teacher’s name, and then the following questions:
“Q. [by the Court] Just now when you held up your hand and the man asked you to promise to tell the truth, the whole truth, and nothing but the truth — what do you think would happen to a little girl after doing that if she told me a story ? A. I don’t know.
“Q. You don’t know? You remember holding up your hand just now, and do you remember what the man said? A. Yes.
“Q. What would happen to you? A. I don’t know.
“Q. But you think something would happen to you? A. Yes.”
After this, the court stated it was of the opinion the child was qualified to testify. At the conclusion of the entire case, the defendant was adjudged guilty and sentenced to one year in the state penitentiary.
In conjunction with the point raised, the defendant contends the competency of the witness was neither inquired into nor established so as to show knowledge of the sanctity of an oath, the rightfulness of truth, the wrongfulness of falsehood, likelihood of punishment for falsehood or such degree of intelligence as would enable her to observe, recollect and testify accurately to facts by responsive answers to other than leading questions.
The principal case relied upon by both parties is Bell v. State, Fla.1957, 93 So.2d 575, 577. This was a case in which the Supreme Court reversed a conviction for rape but did not hold that the trial judge had abused his discretion in finding a nine-year-old girl competent to testify. The court said:
“The prime test of testimonial competency of a young child is his intelligence rather than his age. In addition the infant witness should possess a sense of obligation to tell the truth. Sensibility to this obligation under his oath is one of the turning factors. * *
“We are aware of our numerous decisions which accord to the trial judge a very broad discretion in determining the competency of witnesses. It is not, however, a discretion without bounds. It is a sound judicial discretion subject to appellate review. * * *”
See Radiant Oil Co. v. Herring, 146 Fla. 154, 200 So. 376; Cross v. State, 89 Fla. 212, 103 So. 636; Rowe v. State, 87 Fla. 17, 98 So. 613; Robinson v. State, 70 Fla. 628, 70 So. 595; Johnson v. State, 64 Fla. 321, 59 So. 894; Clinton v. State, 53 Fla. 98, 43 So. 312.
The able and long experienced trial judge who presided in this case had the opportunity to ascertain the competency of the child in question, not only from the answers elicited from her but by her appearance and manner on the stand. It may well be that another judge may have made a more searching examination of the witness, but the failure to do so would not necessarily render his conclusion erroneous.
Appellant made the further argument that where the defendant at the trial contradicted and explained away the uncorroborated testimony of the child regarding his acts toward her, the proof was lacking to sustain his conviction.
It is true that some vital testimony of the little girl was brought out by leading questions, but that was not true as to other equally important testimony she gave. The girl testified as to what the man did to her, in general terms in her own words. It was in amplifying her testimony and in bringing out a definite feature of the man’s conduct towards her that she responded affirmatively to a leading question. It is understandable that a child of her age would naturally be reluctant to affirmatively put into words the details of an act of this character. Taken together, it cannot be said that the material evidence present *531 ed by the child witness was only on leading questions. It was for the trier of the facts to rule on questions of credibility, and the weight and sufficiency of the conflicting evidence, and it has not been demonstrated that the trial judge committed error in that process.
Accordingly, the conviction and sentence appealed are affirmed.
Affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.