SHARP, Judge,
concurring specially.
I agree with an affirmance in this case based on the ancient and apparently still well entrenched “local action rule.”[1] A partition suit is an in rem cause of action,[2] which must be brought in the county or circuit where the real estate is located.[3] Section 64.091, Florida Statutes (1985) is controlling.[4]
Suits involving the “local action rule” are distinguishable from the cases dealing with section 47.041 as cited by Judge Cowart in Crescent Beach, Inc. v. Jarvis, 435 So.2d 396 (Fla. 5th DCA 1983). They all deal with “transitory” causes of actions[5] which *1385 theoretically may accrue in any county or circuit.[6] In such a case, Judge Cowart’s opinion in Crescent Beach is correct that “[u]nder section 47.041, Fla.Stat. (1981) where two or more joined causes of action accrue in different counties, venue may be laid in any of such counties.”
However, with regard to in rem or quasi in rem suits, cases hold that only the local court has jurisdiction to act in the matter.[7] This is distinguishable from venue questions in transitory cases which do not involve jurisdiction,[8] but rather involve a defendant’s privilege (which may be waived) to require that suit be brought in a convenient court.

. 77 Am.Jur.2d 833 (1975); Sales v. Berzin, 212 So.2d 23 (Fla. 4th DCA 1968); Hendry Corp. v. State Bd. of Trustees of Internal Improvement Trust Fund, 313 So.2d 453 (Fla. 2d DCA 1975); Franklin v. Sherwood Park, Ltd., Inc., 380 So.2d 1323 (Fla. 3rd DCA 1980).

. Miller v. Griffin, 99 Fla. 976, 128 So. 416 (Fla.1930).

. See Temple v. Florida Land and Immigration Co., 23 Fla. 406, 2 So. 773 (Fla.1887).

. See Hendry Corp. v. State Bd. of Trustees of Internal Improvement Trust Fund, 313 So.2d 453 (Fla. 2d DCA 1975).

. See Pearson v. Wallace Aviation, Inc., 400 So.2d 50 (Fla. 5th DCA 1981) (contract and tort causes of action); Motsinger v. E.B. Malone Corp. 297 So.2d 839 (Fla. 2d DCA 1974) (breach of contract and foreclosure of security interest in personal property); Costner v. Costner, 263 So.2d 852 (Fla. 1st DCA 1972) (modifications of separate maintenance decrees and dissolution); Steinhardt v. Palm Beach White House No. 3, Inc., 237 So.2d 590 (Fla. 3rd DCA 1970) (libel and malicious interference with contract); James V. Freeman, Inc. v. Chemical Packaging Corp., 189 So.2d 410 (Fla. 1st DCA 1966) (negligence and breach of warranty).

. 13 Fla.Jur.2d 191-192 (1979).

. 56 Fla.Jur.2d 358 (1985); Cohen v. Century Ventures, Inc., 163 So.2d 799 (Fla. 2d DCA), cert. denied, 169 So.2d 389 (Fla.1964); Georgia Casualty Co. v. O’Donnell, 109 Fla. 290, 147 So. 267 (Fla.1933).

. 56 Fla.Jur.2d 353-354 (1985).