**In re HARLEQUIN DINNER THEATER, Debtor.**

**Bankruptcy No. 88–2078–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 10, 1988.

Saxton R. Gaskin, III, Clearwater, Fla., for debtor.

Harry M. Hobbs, Tampa, Fla., for movant.

John Menkel, Trustee.

## ORDER ON MOTION TO AMEND AUTOMATIC STAY

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon a Motion to Amend the Automatic Stay [sic] treated as a Motion to Lift Automatic Stay filed by a creditor, Kroslak Restaurant & Bakery Equipment, Inc. (Kroslak). At the time the Motion was filed, this was a Chapter 11 case, but it has since converted to a Chapter 7 case. It is the contention of Kroslak that the automatic stay should be lifted as to certain equipment in possession of the Debtor, Harlequin Dinner Theater (Debtor) as the Debtor has no legal interest in the property. The Court has considered the Motion, together with the record and argument of counsel and evidence presented on this matter, and finds the facts relevant to a resolution of this matter to be as follows:

In early January of 1988, the President of the Debtor contacted Kroslak to purchase certain equipment consisting of a convection oven, a freezer, a cooler, miscellaneous kitchen supplies and other kitchen equipment for the total price of $21,845.00. It should be noted that the parties never entered into a written contract to purchase the equipment. It appears that on January 18, 1988, the Debtor made a $2,000.00 deposit on the kitchen equipment (Debtor's Exhibit No. 1). It further appears that the Debtor intended to pay the balance of the total purchase price upon delivery of the equipment. Shortly before the delivery date, the Debtor found itself short of funds and approached Bay Area Office Supply (Bay Area) to determine whether Bay Area as broker would be able to locate a leasing company to purchase the equipment and then lease it back to the Debtor. The Debtor filled out a lease application with Bay Area, but no actual lease was ever signed by the Debtor as the record reveals that Bay area was never able to locate a purchaser for the equipment. Further, the evidence is quite clear that Bay Area never committed itself to purchase the equipment from Kroslak for the Debtor and the only agreement between Bay Area and Kroslak regarding the equipment was that if the Debtor's lease was approved by one of the leasing companies, Bay Area would purchase the equipment. Nevertheless, the Debtor apparently requested that Kroslak make out the invoices for the equipment in the name of Bay Area. On February 15, Kroslak delivered the equipment to the Debtor. As is to be expected, the Debtor failed to make payment for the equipment although at present is still in possession of the equipment.

It appears that two days after the equipment was delivered, the Debtor purchased more equipment from Kroslak in the total amount of $249.10. This equipment, namely, 20 dishracks, 2 plate holders, and a cash register, was paid for by check which subsequently was dishonored by the drawee bank.

These are the facts upon which it is contended by Kroslak that it is entitled to an order lifting the stay as to all the equipment to be purchased by the Debtor. Basically, Kroslak claims that the sale of the equipment was not a sale on credit, and, therefore, as the total purchase price was never fully paid, no title to the equipment ever passed to the Debtor or to Bay Area. In turn, Kroslak argues that the equipment is not property of the Debtor's estate. In opposition, the Debtor contends that the equipment is in fact property of the estate and that Kroslak is merely an unsecured creditor, as title to the equipment passed to the Debtor when Kroslak accepted the checks in the respective amounts of $2,000.00 and $249.10 and then delivered the equipment.

The resolution of this matter is governed by § 541 of the Bankruptcy Code which provides in pertinent part as follows:

§ 541. Property of the estate

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

Based on the foregoing, it follows that unless the Debtor has some legal or equitable interest in the equipment, the Chapter 7 estate has no defense to Kroslak's Motion.

 Considering the record in this case, there is absolutely no evidence to support the Debtor's proposition that the sale of the first group of equipment was on credit. This conclusion is completely supported by the undisputed fact that complete payment was due upon delivery. It is well established law in Florida that unless a sale is one on credit, title to personal property remains in the vendor and does not pass until performance by the purchaser is complete. *See Greenwood Products Company, et al v. United States*, 188 F.2d 401 (5th Cir.Ct. of App.1951) *citing Tripp v. Wade*, 82 Fla. 325, 89 So. 870 (Fla.1921) Accordingly, as neither the Debtor nor Bay Area made final payment to Kroslak, it is absolutely without question that the Debtor had only mere possession of the equipment and never obtained title to the property. Next, regarding the subsequent sale of the equipment which the Debtor attempted to pay for by the dishonored check, this Court is satisfied that title to this property additionally never passed, as in Florida sale and delivery of personalty is deemed to be conditional upon the honoring of the check tendered in payment by the bank upon which it is drawn. *See Trumbull Chevrolet Sales Co. v. Seawright*, 134 So.2d 829 (Fla. 1st D.C.A.1961); *Ragg v. Hurd*, 60 So.2d 673 (Fla.1952) Based on the foregoing, this Court is satisfied that the Debtor does not have a legal interest in any of the equipment obtained from Kroslak. Assuming for the purposes of discussion that

the delivery of the equipment vested some sort of equitable interest to the equipment in the Debtor, whether the automatic stay should be lifted is governed by § 362(d)(1) of the Bankruptcy Code which provides in pertinent part as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;....

Further, § 362(g)(1) and (2) provide:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay or any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

Thus, as the matter under consideration does not involve a valuation of the Debtor's equity in the property, the burden is on the Debtor to prove that it is entitled to retain the equipment. As the record reveals no such proof, and as the Chapter 7 estate in any event is not in the position to make any adequate protection payments, the Court is satisfied that the Motion is well taken and should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Amend Stay [sic], treated as a Motion to Lift the Automatic Stay be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that Kroslak Restaurant & Bakery Equipment, Inc., be, and is hereby, authorized to proceed with appropriate state court remedies to recover the equipment described in its Motion in possession of the Debtor. It is further

ORDERED, ADJUDGED AND DECREED that the automatic stay is lifted for the purpose of seeking in rem relief

only, and Kroslak may not seek or obtain any in personam relief against the Debtor.